Sᴇᴀ Moᴅᴇs, Iɴᴄ., et al., Respondents, *v.* Louɪs C. Coʜᴇɴ,
Appellant.

Argued March 10, 1955; decided June 9, 1955.

*Frank Kreitzberg* for appellant. I. With respect to the unreported sales, the monthly statements were not and could not become final, conclusive and binding accounts stated. (*Bailey v. Robinson Mfg. Co.,* 270 App. Div. 986; *Corr v. Hoffman,* 256 N. Y. 254; *Rodkinson v. Haecker,* 248 N. Y. 480; *Matter of Bartlett,* 272 App. Div. 1068; *Daintrey v. Evans,* 148 App. Div. 275.) II. The record presents an issue of fact with respect to the action on the check (fifth cause of action), and summary judgment was therefore wrongfully awarded.

*Jacob B. Lindner* and *Henry B. Selkowe* for respondents. I. Appellant's affidavit in opposition to the motion for summary judgment is devoid of evidentiary facts creating any issue which would justify a trial. (*Anderson v. City of New York,* 258 App. Div. 588; *Dodwell & Co. v. Silverman,* 234 App. Div. 362.) II. The retention by appellant of the statements rendered to him monthly by respondents, without any objection, is tantamount to an account stated. (*Bailey v. Robinson Mfg. Co.,* 270 App. Div. 986; *Corr v. Hoffman,* 256 N. Y. 254; *Rodkinson v. Haecker,* 248 N. Y. 480; *Matter of Bartlett,* 272 App. Div. 1068; *Daintrey v. Evans,* 148 App. Div. 275; *McClain v. Schofield,* 74 Hun 437, 148 N. Y. 733; *Bradley v. McDonald,* 157 App. Div. 572, 218 N. Y. 351.) III. The parties by their agreement established " the law of the case ". (*Matter of New York, Lackawanna & Western R. R. Co.,* 98 N. Y. 447; *Morse v. Morse Dry Dock & Repair Co.,* 249 App. Div. 764; *Faruolo v. Faruolo,* 253 App. Div. 750; *Matter of Malloy,* 278 N. Y. 429; *Buda v. State of New York,* 278 App. Div. 424; *Mann v. Simpson & Co.,* 286 N. Y. 450; *Matter of Whalen v. Corsi,* 279 App. Div. 1113; *Pines v. Beck,* 300 N. Y. 181; *First Nat. Bank of East Islip v. National Sur. Co.,* 228 N. Y. 469; *Halsted v. Globe Ind. Co.,* 258 N. Y. 176; *Manson v. Curtis,* 223 N. Y. 313; *Central Union Trust Co. of N. Y. v. Trimble,* 255 N. Y. 88.) IV. The Court of Appeals will not pass on issues not raised in the court below. (*Maloney v. Hearst Hotels Corp.,* 274 N. Y. 106; *Flagg v. Nichols,* 307 N. Y.

96; *Matter of City of New York* [*Northern Blvd.*], 270 N. Y. 652; *Matter of City of New York* [*East Riv. Drive*], 264 App. Div. 555, 298 N. Y. 843.)

DESMOND, J. Defendant, from October, 1949, to December, 1951, was employed by plaintiffs as a salesman, his agreed compensation being 5% of his " net sales ". He was, by the terms of the written employment agreement, to receive $200 per week as " an advance against earnings ", to be applied against commissions earned. Any excess of advances over actual commissions earned was to be repaid by defendant to plaintiffs on demand. During the period of defendant's employment, the total of those weekly advances to defendant, plus moneys borrowed by defendant from plaintiffs and not repaid, exceeded the amount, as computed by plaintiffs, of defendant's commissions. When defendant failed to pay that alleged excess, plaintiffs sued him therefor, the complaint demanding judgment, also, for the amount of a dishonored check, and for damages for alleged breaches of contract. Defendant retaliated with a suit against plaintiffs for $10,000 for commissions allegedly due him and unpaid. The two suits were then consolidated under the above title.

Plaintiffs' alleged causes of action for breach of contract have been severed and are not involved in this appeal. The Appellate Division has granted plaintiffs' motion for summary judgment in their favor on the other counts of their complaint (that is, for the alleged overpayments and the dishonored check), and dismissing defendant's complaint. We concur in that disposition.

As to plaintiffs' fifth cause of action (dishonored check) defendant exhibited no defense and summary judgment was clearly indicated. As dispositive of the other (overpayment) counts, plaintiffs and the Appellate Division relied on this provision of the agreement by which plaintiffs hired defendant: " We [plaintiffs] will render to you statements monthly showing business done and re-orders received from your accounts and unless you submit objections or corrections to such statements within 10 days from the date when they are rendered to you, the same shall be deemed conclusive and binding upon both of us and shall form the basis upon which computation of your compensation shall be made."

During his employment defendant received such statements monthly (and a final statement when his employment ended), and to none of those statements did he at any time submit any objection or correction. Never did he assert that the statements were in any manner incorrect, until plaintiffs sued him in March, 1952, three months after he had stopped working for plaintiffs. All that defendant now avers is that he is entitled to an additional sum for commissions on sales made by him and not credited to him by plaintiffs. Plaintiffs swear that they paid him in full (and overpaid him) and that, for various reasons, the additional sales described by defendant in his countersuit were not subject to commissions. Defendant disputes that latter assertion but by so doing he, we hold, is raising a contention which is not available to him under his stipulation, above quoted, that the monthly statements were to be " conclusive and binding upon both parties ". Defendant is attempting to do exactly what that agreement says he may not do.

Under *Rodkinson* v. *Haecker* (248 N. Y. 480, 485) and cases cited therein, and *Corr* v. *Hoffman* (256 N. Y. 254), these accounts as so stated between these parties become binding contracts and are absolutely enforcible as such unless fraud, mistake or other equitable considerations be shown such as to make them improper to be enforced (*Rodkinson* opinion, p. 285). There are no such equitable considerations here. There was no fiduciary relationship in this arms-length bargaining. There is nothing in the record to show that defendant could not have investigated, or was prevented from investigating, the facts as to sales made by his employers. When he failed so to do, and received and held the accounts without making objection during the time specified or at any other time, he assented to the statements, and foreclosed himself from later taking the position that the accounts were not correct. Otherwise, the contract would be without purpose or effect.

The judgment should be affirmed, with costs.

BURKE, J. (dissenting). The defendant, a salesman calling on large national accounts as an employee of the plaintiffs, contends that the plaintiffs are guilty of mistake, misunderstanding or overreaching in failing to include in the monthly statements rendered to the defendant pursuant to the agreement, the sales

to, and reorders from, his accounts in an amount of about $180,000. The plaintiffs concede that the sales and reorders were not included in the monthly statements rendered to the defendant, but allege that the defendant was not entitled to commissions thereon in that (1) the orders were not obtained by the defendant, (2) that the orders were obtained from departments which were parts of some of the defendant's accounts which the defendant never solicited but were solicited by other salesmen in the employ of the plaintiffs, and (3) that buyers employed by defendant's accounts gave their orders to other salesmen in the employ of the plaintiffs. The agreement does not set forth any such exceptions or conditions. It states: " We will render to you statements monthly, showing business done and re-orders received from your accounts ".

There can be no doubt that the conflicting claims present questions of fact which in the usual case would warrant the denial of summary judgment. The question presented for determination is whether the court should apply the legal presumption resulting from the rendition and retention of monthly statements without objection.

It is well known that the general rule is that " A party will not be allowed to impeach an account stated, on the ground of fraud or mistake, if he assented to it with full knowledge of the facts and circumstances attending it, or if, with ample means of knowledge at hand, he failed to ascertain the facts." (1 C. J. S., Account Stated, § 51, subd. d, p. 731.) In the cases of *Rodkinson* v. *Haecker* (248 N. Y. 480, 489, 490), a suit between attorney and client, and *Corr* v. *Hoffman* (256 N. Y. 254, 259), a suit between partners, the person receiving the accounts had equal power or control over the books of account or had personal knowledge of the services rendered. Therefore, this court properly held that the accounts stated were conclusive and binding contracts. In this case, however, the defendant was one member of a sales force, not a person with power or control over the books of account or one in a position to have personal knowledge of all the transactions between his employer and the large national accounts. He obviously could not verify the statements from the books and accounts of the customers. Consequently, he did not have the means at hand necessary to ascertain the facts. With just such circumstances in mind, this court held

in *Rodkinson* v. *Haecker* (*supra*) that a party may plead and prove equitable considerations that may show that an account stated should not be enforced. The agreement is evidence that the clear intention of the parties was that the plaintiffs would render statements showing all sales to, and all reorders from, the defendant's accounts. Since the plaintiffs conceded that certain sales of plaintiffs' goods to the defendant's accounts were not included in the monthly statements for reasons now disputed, the defendant is entitled to have the questions of fact disposed of at a trial.

Therefore, the judgment to the extent that it dismisses the defendant's complaint and directs judgment in the plaintiffs' favor on the first and second causes of action should be reversed, and affirmed as to the fifth cause of action.

DYE, FULD, FROESSEL and VAN VOORHIS, JJ., concur with DESMOND, J.; BURKE, J., dissents in an opinion in which CONWAY, Ch. J., concurs.

Judgment affirmed.