■ CAYUGA-CRIMMINS COMPANY, Appellant, v HAROLD J. FISHER, as Chairman of New York City Transit Authority, Respondent.—Appeal by petitioner from an order of the Supreme Court, Kings County, dated November 21, 1977, which denied its application to compel the inspection of certain engineering reports prepared at respondent's request, on the ground that they are material prepared for litigation. Order reversed, with $50 costs and disbursement, and motion granted. Respondent is directed to furnish to petitioner, for the purpose of inspection, the two engineering reports prepared by his consultant which have thus far been withheld, or copies thereof, within 20 days after service upon it of a copy of the order to be made hereon, together with notice of entry thereof. Petitioner-appellant is the contractor for the construction of a portion of the Second Avenue subway under contract with the City of New York, acting through the respondent. Pursuant to section 201.34 of the contract, referred to as the "changed conditions" clause, it the contractor encounters certain subsurface conditions unanticipated by the parties, an investigation by the respondent's "Engineer" is authorized and, upon a finding that certain criteria set forth therein have been satisfied, an allowance in cost may be made for the additional work. In contradistinction to the foregoing, article XLIII of the contract sets forth a separate procedure whereby the contractor may claim compensation for damages sustained "by reason of any act, neglect, fault or default" of the city, the transit authority or their agents, and requires as part of the submission thereof an itemized statement of the damages sustained. Appellant herein submitted to the respondent a claim for additional compensation based upon "changed conditions", and included with its application an itemized statement of the extra costs incurred. Appellant's claim was thereafter referred by respondent to De Leuw, Cather & Associates, the engineering consultant for the transit authority. In the course of studying appellant's claim, De Leuw prepared a total of three reports. Appellant notes that it provided De Leuw with copious information and data in connection with its investigation. The first report, which disputed the validity of appellant's claim, was submitted to appellant, which was invited to and did not submit a response. De Leuw's second and third reports were thereafter prepared and submitted to respondent, who subsequently rejected appellant's claim. Appellant's request for inspection of the second and third reports has since been denied. Special Term denied appellant's request to compel inspection of these engineering reports on the ground that they constitute material prepared for litigation and may not be examined (see CPLR 3101, subd [d]). We disagree and hold that the material in question is not protected from disclosure in that it was compiled as part of the orderly administration of the "changed conditions" clause of the contract and not, as respondent contends, in anticipation of any litigation of appellant's claim. In fact, the claim itself was not rejected until July, 1977, well after De

Leuw's third report (submitted in May, 1977) had been received by respondent and, presumably, studied. Section 201.34 of the contract specifically authorizes the designated engineer to investigate the "changed conditions" alleged by the contractor and requires his written approval before any increase in cost resulting from the changed conditions can be authorized. Appellant herein participated in the investigation by providing De Leuw with all the necessary information. In addition, respondent fully disclosed the contents of the first De Leuw report and partially disclosed the contents of the second report. Respondent's attempt to categorize the claim as one pursuant to article XLIII of the contract for "damages" sustained by reason of the city's negligence is unsupported by the record. The reports were prepared in the performance of a specific claim procedure set forth in the contract in order to determine whether said claim should be honored and, accordingly, should be disclosed. (See *Palmer v Liberty Mut. Ins. Co.,* 36 Misc 2d 325, affd 18 AD2d 968.) Titone, J. P., Rabin, Gulotta and Hawkins, JJ., concur.