■ MITCH MILLER, Appellant, v COLUMBIA RECORDS, a Division of Columbia Broadcasting, Inc., et al., Respondents. MITCH MILLER, Respondent, v COLUMBIA RECORDS, a Division of Columbia Broadcasting, Inc., et al., Appellants.—Order, Supreme Court, New York County, entered December 12, 1977, dismissing the second, third and fourth causes of action in the amended complaint for failure to state a cause of action and redundancy, is unanimously affirmed. Order, Supreme Court, New York County, entered November 3, 1978, denying defendant's motion for partial summary judgment and for a protective order, is unanimously reversed, on the law and the facts, and in the exercise of discretion, and partial summary judgment is granted in favor of defendant, dismissing all claims in the first cause of action in the amended complaint with respect to royalties and other moneys claimed to be owed to plaintiff attributable to the period to and including June 30, 1975; and a protective order is granted to defendant deleting Items Nos. 7, 8, 9 and 10 from plaintiff's notice for discovery and inspection, without prejudice to a proper application for discovery and inspection of specified relevant documents. Defendant shall recover one bill of costs for both appeals. The contracts between the parties provided that all royalty statements rendered by defendant to plaintiff "shall be binding upon you [plaintiff] and not subject to any objection by you for any reason unless specific objection in writing, stating the basis thereof, is given to us [defendant] within one year from the date rendered." This provision is binding and bars all claims for any period antedating one year before rendition of each statement. (See *Sea Modes v Cohen,* 309 NY 1.) "Otherwise, the contract would be without purpose or effect" (p 4). Plaintiff's contention that this provision is avoided because of an alleged payment on account made in 1976 is unavailing even assuming that the analogous provision reviving claims otherwise barred by the Statute of Limitations where there has been a part payment is applicable to this situation (cf. *Morris Demolition Co. v Board of Educ.,* 40 NY2d 516, 521). Such a payment must be payment of a portion of an admitted debt accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due (p 521). It is clear that the "payment" here was really a change in the contract terms and not a payment on account of an admitted debt. Furthermore, the allegation with respect to the conversations incident to this payment contained in plaintiff's affidavit do not comply with the rule of *Di Sabato v Soffes* (9 AD2d 297, 301) that: "It is incumbent upon a [party] who opposes a motion for summary judgment to assemble, lay bare and reveal his proofs, in order to show that the matters set up in his [pleading] are real and are capable of being established upon a trial." Here plaintiff's affidavit refers to a conversation with "it" (defendant, a very large corporation) without stating with whom the conversation was held, the time of the conversation, or its substance. With respect to the sufficiency of the com-

plaint, the second cause of action, purportedly for fraud, tries but fails to allege a cause of action for an independent fraud as distinct from breach of contract. *(Brick v Cohn-Hall-Marx Co.,* 276 NY 259.) The third and fourth causes of action are based on the existence and breach of an alleged fiduciary relationship. But the relationship is merely one of employer-employee, so that the only proper cause of action would be for breach of contract. While this would ordinarily not be a ground for dismissing these causes of action *(Lane v Mercury Record Corp.,* 21 AD2d 602, affd 18 NY2d 889; *Kaminsky v Kahn,* 23 AD2d 231, 236), they are redundant with respect to the first cause of action which is already for breach of contract. (Cf. *Miller v Volk & Huxley,* 44 AD2d 810.) The notice for discovery and inspection wholly fails to comply with the limitation of CPLR 3120 (subd [a], par 1, cl [i]), to "specifically designated documents". Instead of designating documents, plaintiff has stated broad categories of subject matters and asked for any documents relating to those subject matters without further specification. While the objection is not solely formal, the use of such phrases as "any and all documents" is at least an indication of an absence of specificity. The proper procedure has been stated many times since the leading case of *Rios v Donovan* (21 AD2d 409). Concur—Kupferman, J. P., Birns, Sandler, Markewich and Silverman, JJ.