■ ELIZABETH B. EHRLICH, Respondent, v HAROLD B. EHRLICH, Appellant.—Order, Supreme Court, New York County, entered on October 24, 1979, unanimously reversed to the extent appealed from, on the law, the facts and in the exercise of discretion, without costs and without disbursements, defendant's motion for a protective order granted, and the notice of discovery and inspection, heretofore served by plaintiff, vacated, without prejudice to plaintiff's right to proceed in an appropriate manner by service of a proper notice of discovery, identifying the specific documents to be examined, with reasonable particularity, after the conduct of necessary examinations before trial to ascertain the existence of identifiable documents. The parties to this action were divorced in March, 1976. The divorce decree incorporated but did not merge a separation agreement and an amendatory agreement. Plaintiff wife commenced the present action in August, 1977, seeking modification of the judgment of divorce. Some two years thereafter plaintiff sought discovery from defendant husband. Following service of the notice, defendant moved to vacate the discovery notice in its entirety, alleging that this notice was overly broad and lacked specificity. Special Term rejected this argument and partially struck the notice. In our view the entire discovery notice should be stricken. For over 15 years now this court has steadfastly adhered to the dictates that notices of discovery should specifically designate those documents sought to be produced or examined. They must be "specified with reasonable particularity" (CPLR 3120, subd [a], par 1, cl [i]; *Rios v Donovan*, 21 AD2d 409; *Miller v Columbia Records*, 70 AD2d 517). A cursory examination of the notice under consideration demonstrates the wisdom of the foregoing. Plaintiff is seeking discovery of "all documents" pertaining to defendant's financial and business transactions for a minimum of an 11-year period. Such request is "palpably improper" *(Wood v Sardi's Rest. Corp.,* 47 AD2d 870, 871). "[P]roper procedure requires that a party first ascertain by means of an examination or otherwise whether there are statements of witnesses, and then to serve a notice to discover specifically identified documents. The right to discover and inspect such documents can then be intelligently adjudicated" *(Rios v Donovan, supra,* p 414). This principle is not restricted to statements of witnesses, but possesses general applicability *(City of New York v Freidberg & Assoc.,* 62 AD2d 407). The present notice for discovery and inspection wholly fails to comply with these limitations and must be rejected. Concur—Birns, J. P., Sandler, Ross, Bloom and Yesawich, JJ.

■ TREMONT SAVINGS AND LOAN ASSOCIATION, Respondent, v 509 VAN NEST REALTY CORP. et al., Defendants, and BARBARA NACLERIO et al., Appellants. (Action No. 1.) TREMONT SAVINGS AND LOAN ASSOCIATION, Respondent, v 509 VAN NEST REALTY CORP. et al., Defendants, and MARGARET CRISPINO et al., Appellants. (Action No. 2.)—Appeals withdrawn with prejudice on the terms and conditions contained in the stipulations of settlement. No opinion. Concur—Kupferman, J. P., Fein, Sandler and Markewich, JJ.

■ JOHN G. HELLMAN CO., INC., Appellant, v P. J. CARLIN CONSTRUCTION COMPANY et al., Respondents.—Order, Supreme Court, New York County, entered on November 30, 1978, unanimously affirmed, without costs and without disbursements. Costs are denied to respondent for the repeated failure to give page references. No opinion. Concur—Fein, J. P., Sandler, Sullivan, Silverman and Carro, JJ.