■ ORTUNG PIANO AND ORGAN CO., INC., et al., Appellants, v AETNA CASUALTY AND SURETY COMPANY, Respondent.—In an action on a fire insurance policy, plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County, dated December 17, 1979, as granted defendant's motion for a protective order vacating certain of plaintiffs' interrogatories and portions of a discovery notice. Order modified by deleting the sentence thereof which begins with the word "Accordingly", and substituting therefor the following provisions: "Defendant's motion is denied to the extent that the following interrogatories should be answered: (1) 30 through 37 (a) through (f), only insofar as they demand information concerning investigations and reports prepared in connection therewith prior to defendant's rejection of the claim, and, as to any expert reports inquired of therein which were prepared prior to rejection of the claim, defendant need only reveal the facts observed by the expert and contained in such reports; (2) 37 (g) through (r); (3) 38; and (4) 42, only insofar as it demands the name and address of the person who allegedly intentionally started the fire. Defendant's motion is further denied as to those items in plaintiffs' discovery notice which require the names and addresses of any eyewitnesses, the production of photographs of the premises, inside and out, and those arson investigative reports prepared and received prior to defendant's rejection of plaintiffs' claim; as to experts' reports, defendant need only reveal the facts observed by the experts and contained in such reports." As so modified, order affirmed insofar as appealed from, with $50 costs and disbursements to plaintiffs. Defendant's time to answer the interrogatories and to comply with the discovery notice is extended until 20 days after service upon it of a copy of the order to be made hereon, together with notice of entry thereof. Under the facts presented in this case, defendant has not demonstrated that it had "substantial bona fide reasons to investigate the legitimacy of the loss" on the day after the fire (see *Mold Maintenance Serv. v General Acc. Fire & Life Assur. Corp.,* 56 AD2d 134, 135). Therefore, information concerning investigations conducted and reports prepared in connection therewith prior to defendant's rejection of plaintiffs' claim, should be disclosed. As to any expert reports, defendant need only reveal the factual observations of such experts as contained in said reports. Further, plaintiffs are entitled to know on what basis defendant rejected their claim, and the name and address of any individual who allegedly participated in causing the fire. Finally, plaintiffs are entitled to any photographs which may have been taken, the material used for any chemical analyses if still available, and if not available, the results of any chemical analyses if done which, due to changed circumstances can no

longer be duplicated. (Cf. *Foremost Ins. Co. v 3 Grace Ave.,* 58 AD2d 590.) Cohalan, J. P., Margett, O'Connor and Weinstein, JJ., concur.