■ EDGAR ARONSON, Respondent, v OPPENHEIM, APPEL, DIXON & COMPANY, Appellant, et al., Defendants. — Order, Supreme Court, New York County (Schwartz, J.), entered on July 22, 1981, which denied defendant's, Oppenheim, Appel, Dixon & Company's (OAD), motion for a protective order to extend its time to comply with plaintiff's motion for discovery or, alternatively, to vacate the notice for discovery, is unanimously reversed, on the law, the facts and in the exercise of discretion, and the motion for a protective order is granted, with costs and disbursements. Plaintiff, a retired general partner in the defendant securities firm of Salomon Brothers, received a statement upon his retirement, which purported to determine his share of the firm's assets. The plaintiff commenced this action for an accounting and damages for fraud against his former partners and against the defendant OAD, the accounting firm which prepared the financial statement tendered to the plaintiff. Prior to plaintiff serving the notice for discovery now on appeal before this court, the defendant Salomon Brothers sought to compel arbitration pursuant to the rules of the New York Stock Exchange or the American Stock Exchange, and

the defendant OAD sought to stay the fraud action commenced against it.[*] Thereafter, plaintiff served the present notice for discovery and inspection. It is the defendant's position, and this court agrees, that while the motion to stay was *sub judice,* Special Term should have issued the requested protective order. The protective order should have been granted on the additional ground that plaintiff's request for documents and material was overly broad. The plaintiff's notice calls for the production of "documents", and then states that documents include "notes, memoranda, letters, telexes, correspondence, reports, invoices and other documents prepared by [OAD] on behalf of plaintiff or any defendant relevant to the specific demand." This court has held that such notice is obviously improper and should be vacated (see, e.g., *Rios v Donovan,* 21 AD2d 409). CPLR 3120 (subd [a], par 1, cl [i]) permits discovery of "specifically designated documents * * * specified with reasonable particularity". Although plaintiff's notice for discovery does not contain such words as "all" or "all other", nevertheless, the import of the words used is the same and the end result would be identical. The requirement for specificity is totally lacking and the order appealed from should be reversed. Concur — Ross, J. P., Lupiano, Silverman, Bloom and Lynch, JJ.

[*] Salomon Brothers' motion to compel arbitration and OAD's motion to stay have been granted. A notice of appeal from the order of that court has been filed. Argument of that appeal is scheduled for the December, 1981 term of this court and we do not now pass upon or express any opinion as to the merits of that appeal.