■ Stephen Terwilliger, Appellant, v Leach Company et al., Respondents. — In an action to recover damages for personal injuries, predicated upon theories of negligence and breach of warranty, plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Jiudice, J.), dated September 11, 1981, as, upon reargument, adhered to its original determination denying plaintiff's prior motion for a protective order vacating and setting aside a notice of discovery and inspection served by defendant Healey International Trucks, Inc. (CPLR 3122). Order modified, on the law, by adding thereto, immediately after the words "this court adheres to its original decision and order dated August 13, 1981", the following: "except that the final paragraph of said decision and order is modified by deleting the word 'denied' and substituting therefor 'granted to the extent that, as to the expert reports sought to be discovered, plaintiff need only reveal facts observed by the expert and contained in such reports.'" As so modified, order affirmed insofar as· appealed from, without costs or disbursements. Plaintiff's time to comply with the notice is extended until 20 days after service upon him of a copy of the order to be made hereon, with notice of entry. We agree with Special Term that, even though the photographs of, and expert reports con-

cerning, the truck that is the subject of this lawsuit are materials prepared by plaintiff for litigation, they are discoverable under the facts of this case since defendant Healey International Trucks, Inc., has shown that they can no longer be duplicated because of a change in the condition of the truck and withholding them would result in injustice and hardship (see CPLR 3101, subd [d]; cf. *Tessoni v Bliss Co.*, 81 AD2d 612). Nevertheless, we are not convinced that there should be full disclosure of the expert reports. Only the factual data contained therein, and not the opinions of plaintiff's expert, should be revealed. It is only the factual data that cannot be duplicated by reason of the changed condition of the subject truck (cf. *Ortung Piano & Organ Co. v Aetna Cas. & Sur. Co.,* 75 AD2d 845). Defendant Healey International Trucks, Inc., is free to obtain its own expert opinion based on the factual data contained in plaintiff's expert reports. Mangano, J. P., Gulotta, O'Connor and Bracken, JJ., concur.