■ AGRICULTURAL AND INDUSTRIAL CORPORATION, Respondent, v CHEMICAL BANK, Appellant. — Order, Supreme Court, New York County (D. Sullivan, J.), entered April 26, 1982, granting in part and denying in part defendant's motion for a protective order to vacate plaintiff's notice of discovery and inspection, modified, on the law, on the facts and in the exercise of discretion, to the extent of granting the motion for a protective order striking from Item No. 2 of the discovery notice the words "and corporate records" and otherwise affirmed, without costs or disbursements. On review of the record, we find, with one exception, that the balance of the discovery notice sustained by Special Term contains sufficient specificity in identifying the documents to be produced. CPLR 3120 (subd [a], par 1, cl [i]) authorizes the service of a notice for discovery of "specifically designated documents * * * specified with reasonable particularity". Where the notice fails to conform to the requisite standard, the appropriate remedy is to seek a protective order vacating those items deemed to be improper, with the party relegated to the conduct of a deposition

to ascertain the existence of identifiable documents (*Rios v Donovan*, 21 AD2d 409; *City of New York v Friedberg & Assoc.*, 62 AD2d 407; *Ehrlich v Ehrlich*, 74 AD2d 519). The degree of particularity required in the notice is intended to enable the opposing party to know what it is expected to produce. Invariably, the use of broad and general phrases in describing the documents to be produced, such as "all", "all other" or "any and all", has been held to be insufficient and lacking in requisite particularity (*City of New York v Friedberg & Assoc., supra; Miller v Columbia Records*, 70 AD2d 517). However, we disagree with the implication in the dissent that the use of such phrases, in and of itself, will render improper a specific request for identifiable documents. Here, although the objected-to items request production of "[a]ll documents relating to"; "[a]ll documents of any kind or description"; and "[a]ll documents referring or relating to", in each item there follows a particularized request for an identifiable specific category of documents, framed so as to reasonably apprise plaintiff of exactly what it is expected to produce. While the use of "all", "all other" and "any and all", should generally be avoided in framing a proper notice for discovery and inspection, the mere use of such terms will not necessarily or automatically render improper an otherwise proper request for specified documents. However, to the extent that Item No. 2 of the notice demands production of "[a]ll * * * corporate records of Fertitex" for the period subsequent to January 1, 1979, we find the notice to that extent lacking in requisite particularity. This description as distinguished from the limited scope of the other categories, includes a wide area of nonidentifiable documents, ranging from all books of account, accounts receivable, correspondence, corporate agreements, interoffice memoranda, directives, regulations and the like. Accordingly, a protective order should have been granted striking so much of Item No. 2 as sought production of all corporate records and we modify the order accordingly. Concur — Kupferman, J. P., Carro, Milonas and Kassal, JJ.

Silverman, J., dissents in part in a memorandum as follows: I would grant the protective order striking all the document requests complained of except the corporate minutes of Fertitex, if appellant has them, and the report referred to in Item No. 11. The remaining requests are invalid for lack of specificity. CPLR 3120 (subd [a], par 1, cl [i]) requires that documents sought by discovery be "specified with reasonable particularity". In *Harnett v Skandia Amer. Reinsurance Corp.* (60 AD2d 515), this court said: "The items [set forth in the notice] are typically in the form of 'all documents and other materials including but not limited to, * * * relating or referring to or concerning' or other similar generalized descriptions. The notice therefore wholly fails to comply with the requirement of CPLR 3120 that the documents shall be ' "specifically designated * * * specified with reasonable particularity in the notice" ' ". Here the documentary requests are typically in the form of "[a]ll documents relating to"; "[a]ll documents of any kind or description provided by you * * * to any person relating to"; "[a]ll documents referring or relating to." This is not a specification of documents but of subject matter. "Instead of designating documents, plaintiff has stated broad categories of subject matters and asked for any documents relating to those subject matters without further specification." (*Miller v Columbia Records*, 70 AD2d 517, 518.)