# (July 28, 1983)

■ STANLEY NANKOF, Respondent, v ARA SERVICES, INC., Appellant. — Order, Supreme Court, New York County (Alfred M. Ascione, J.), entered July 8, 1982, granting defendant's motion to strike plaintiff's interrogatories Nos. 21-25 and 27-31 only to the extent of limiting Nos. 21-25 to investigations into defendant's Paramount Division at or about the time plaintiff headed the division and with respect to Nos. 22, 24 and 25, *inter alia,* restricting use of the documents to this litigation and prohibiting copying or disclosure to others, unanimously modified, on the law, the facts and in the exercise of discretion, with costs, only to the extent of vacating interrogatories Nos. 21-25 and 27-31, without prejudice to plaintiff, if so advised, proceeding by the service of proper interrogatories, with requests for production designating the documents to be

produced with sufficient particularity or by resort to other means of disclosure available under CPLR article 31, and otherwise affirmed. On review of the record we find the objected-to interrogatories overly broad and burdensome. The interrogatories, dealing with any investigation into the operations of defendant's Paramount Division, include blanket demands for production of "any document," without any attempt to identify the specific documents or categories of documents sought. Essentially, the interrogatories amount to requests for production and to that extent constitute a broad fishing expedition, improper in that plaintiff failed to satisfy the requisite standard of reasonable particularity in terms of the specificity required in designating the documents to be produced (cf. *City of New York v Freidberg & Assoc.*, 62 AD2d 407; *Butler v District Council 37, Amer. Federation of State, County & Municipal Employees, AFL-CIO,* 72 AD2d 720; *Aronson v Oppenheim, Appel, Dixon & Co.,* 85 AD2d 570). To the extent that plaintiff lacks knowledge of the existence of identifiable documents so as to designate them with reasonable particularity, he is not without an available remedy. He may proceed by examination before trial to ascertain the documents in existence which are material and relevant to the issues and then serve a properly framed discovery notice (*Rios v Donovan,* 21 AD2d 409). However, the blunderbuss demand for production, albeit disguised in the form of interrogatories, is improper. To the extent that the result of any investigation is contained in a specific report, disclosure may be obtained by service of a proper notice which reasonably apprises the opposing party of exactly what is to be produced (see *Agricultural & Ind. Corp. v Chemical Bank,* 94 AD2d 671). Concur — Murphy, P. J., Sullivan, Fein, Milonas and Kassal, JJ.