■ VITA ANASTASIA, Individually and as Administratrix of the Estate of DANIEL ANASTASIA, Deceased, Appellant, v KEVIN A. BARNES et al., Defendants, and OMC-LINCOLN, a Division of OUTBOARD MARINE CORPORATION, et al., Respondents. (And a Third-Party Action.) — In an action, *inter alia,* to recover damages for wrongful death resulting from an accident involving an allegedly defective motor vehicle, plaintiff appeals from so much of an order of the Supreme Court, Orange County (Isseks, J.), dated October 2, 1984, as granted that branch of defendants', OMC-Lincoln and Outboard Marine Corporation, motion which sought discovery of the report prepared by plaintiff's expert upon the latter's inspection of the subject motor vehicle.

Order modified, by adding a provision to the second decretal paragraph directing that plaintiff need only reveal the factual observations contained in the report prepared by her expert. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. Plaintiff's time to comply with the order appealed from is extended until 20 days after the service upon her of a copy of the order to be made hereon, with notice of entry.

We agree with Special Term that, even though the report prepared by plaintiff's expert concerning the scooter that is the subject of this lawsuit comprises material prepared for litigation, it is discoverable under the facts of this case since the

movants have shown that it can no longer be duplicated because the scooter was inexplicably "scrapped and sold as junk" by its owner, codefendant New York Racing Association, Inc., and that withholding the report would result in injustice and hardship (*see,* CPLR 3101 [d]; *Terwilliger v Leach Co.,* 88 AD2d 910; *cf. Fedorcyzk v New York Univ.,* 95 AD2d 822).

However, we are not convinced that there should be full disclosure of the report. Rather, only the factual data contained therein, and not the opinions of plaintiff's expert, need be revealed, because it is only the former that can no longer be duplicated by reason of the unavailability of the subject vehicle for the movants' inspection (*see, Terwilliger v Leach Co., supra; see also, Ortung Piano & Organ Co. v Aetna Cas. & Sur. Co.,* 75 AD2d 845). The movants are free to obtain their own expert opinion based on the factual data contained in the report of plaintiff's expert. O'Connor, J. P., Rubin, Lawrence and Eiber, JJ., concur.