■ NANCY STEVENS et al., Respondents, v METROPOLITAN SUBURBAN BUS AUTHORITY, Appellant.—In a negligence action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Burstein, J.), dated July 27, 1984, as partially denied its motion for a protective order pursuant to CPLR 3122 striking certain portions of a notice for discovery and inspection.

Order modified, by (1) deleting the provision thereof modifying item No. 1 of the notice for discovery and inspection, and substituting therefor a provision striking that item in its entirety, and (2) adding a provision thereto directing that the defendant provide the reports sought to be discovered in item No. 4 of the notice for discovery and inspection, as modified by Special Term, except that as to expert reports, the defendant need only reveal facts observed by the expert and contained in such reports with opinions contained therein deleted. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The defendant's time to comply with the notice for discovery and inspection is extended until 20 days after service upon it of a copy of the order to be made hereon, with notice of entry.

Special Term erred in refusing to vacate the demand for production of the entire work file of the defendant's employee. Although personnel records are not necessarily privileged (see, Carlo v Queens Tr. Corp., 76 AD2d 824), the file sought to be discovered at bar is not relevant to the issue of the defendant's negligence nor is it reasonably calculated to lead to relevant evidence. The plaintiffs did not allege a cause of action to recover damages for negligent hiring. Therefore, any prior acts of carelessness or incompetence of the defendant's employee would not be admissible at trial (see, Richardson, Evidence §§ 184, 186 [Prince 10th ed]) nor would such evidence be relevant to the issues presented (cf. Brennan v Commonwealth Bank & Trust Co., 65 AD2d 636).

As to any expert's reports concerning the condition of the bus on the date of the accident, the defendant essentially concedes that any facts pertaining thereto can no longer be duplicated because of the changed condition of the bus. Therefore, withholding such reports would result in injustice and hardship to the plaintiffs (see, Terwilliger v Leach Co., 88 AD2d 910; Wasmuth v Hinds-Toomey Auto Corp., 39 AD2d 723). Full disclosure of the expert reports is not warranted since only the factual observations of such experts cannot be duplicated by reason of the changed condition of the bus (see,

*Anastasia v Barnes,* 109 AD2d 769; *Terwilliger v Leach Co., supra; Ortung Piano & Organ Co. v Aetna Cas. & Sur. Co.,* 75 AD2d 845). Therefore, the reports should be disclosed with the opinion portion deleted *(see, Miller v Haug Co.,* 96 AD2d 790; *cf. Coley v Michelin Tire Corp.,* 75 AD2d 610).

Special Term made no specific finding with respect to item No. 5 of the discovery demand. However, the record is sufficient for us to make a determination that the request in item No. 5 is proper.

The defendant maintains that use of the word "all" in describing the documents sought in items Nos. 5 through 8 rendered such requests improperly broad and general. Although use of the word "all" is some indication of a lack of the requisite specificity under CPLR 3120 *(see, e.g., Ganin v Janow,* 86 AD2d 857; *Miller v Columbia Records,* 70 AD2d 517, *appeal dismissed* 48 NY2d 629), use of such a term does not, in and of itself, render improper a specific request for identifiable documents *(see, Agricultural & Indus. Corp. v Chemical Bank,* 94 AD2d 671; *Palmieri v Kilcourse,* 91 AD2d 657). The plaintiffs' requests in items Nos. 5 through 8 are sufficiently specific to apprise the defendant of the categories of documents which it must produce. The requests in those items do not constitute a "fishing expedition" into the defendant's records *(cf. Nankof v ARA Servs.,* 96 AD2d 493). Lazer, P. J., Thompson, Rubin and Kunzeman, JJ., concur.