■ CROW-CRIMMINS-WOLFF & MUNIER, Respondent, v COUNTY OF WESTCHESTER, Respondent-Appellant, and TRANSAMERICA DELAVAL, INC., Appellant-Respondent, et al., Defendants. (And Two Third-Party Titles.)—In an action, *inter alia,* to recover damages arising out of a contract for the construction of a sewage treatment facility, (1) the additional counterclaim defendant Transamerica Delaval, Inc. (hereinafter Delaval) appeals from so much of an order of the Supreme Court, Westchester County (Gagliardi, J.), entered February 13, 1985, as, upon Delaval's cross motion pursuant to CPLR 3104 (d) to review the report of a Referee designated to supervise discovery pursuant to CPLR 3104 (b) (Sirignano, J.H.O.), dated December 11, 1984, denied so much of the cross motion as sought to disaffirm the portion of the report which sustained the defendant County of Westchester's claim of privilege and protected from disclosure certain reports and documents sought to be discovered by Delaval, and (2) the County of Westchester cross-appeals from so much of the same order as, upon its motion for review of the Referee's report, denied so much of the motion as sought to disaffirm the portion of the report which overruled its claims of privilege and compelled production of certain other reports and documents also sought to be discovered by Delaval and by the plaintiff Crow-Crimmins-Wolff & Munier (hereinafter CCWM).

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, the motion and cross motion are granted to the extent that the report of the Referee is vacated and the county's claim of privilege is sustained as to documents dated on or after November 18, 1982, and disallowed as to documents dated prior thereto, and the matter is remitted to the Referee for consideration of claims by the county, if any, that documents or portions thereof dated prior to November 18, 1982 are not relevant to the issues in litigation or are otherwise nondiscoverable.

The expert reports and related documents that the defendant county claims are privileged as material prepared for litigation (CPLR 3101 [d]) were all prepared after the commencement in 1979 of litigation between the county and prime contractor CCWM relating to construction delays in the building of the Yonkers Joint Treatment Plant, a sewage treatment facility. The reports at issue pertain to problems with allegedly defective diesel engines, needed to run the plant, that had been manufactured by Delaval, a subcontractor of CCWM. No claims based on the engines were asserted by the county, however, until on or about November 18, 1982, when it first served the pleading containing its engine-related counterclaims.

This State's policy of broad disclosure in civil cases *(see, Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406; *Hoenig v Westphal,* 52 NY2d 605, 608) is particularly suited to the case at bar, where the path to the truth is paved with complex technical issues, the involvement of numerous experts, and continuing efforts over the course of several years to diagnose and remedy the cause of the numerous breakdowns of the plant's giant Delaval-brand engines. The burden is upon the county, as the party opposing discovery, to demonstrate that the reports and documents are nondiscoverable *(Koump v Smith,* 25 NY2d 287, 294). This burden has not been met with respect to documents prepared prior to the interposition of the engine-related counterclaims, as these documents cannot be considered to have been prepared solely or even primarily for litigation *(see, Hoenig v Westphal, supra,* at p 609; *Zimmerman v Nassau Hosp.,* 76 AD2d 921). Rather, it is clear from a review of the record that they were being used mainly to assist the county in its ongoing effort to repair the engines and thereby allow the plant to become fully operational *(cf. Cayuga-Crimmins Co. v Fisher,* 63 AD2d 991).

No precise determination can be made as to the point at which the county's objective in commissioning the reports turned from identifying what was wrong with the engines to that of building a case against their manufacturer, but it is fair to conclude that once the engine-related counterclaims were interposed, the use in the litigation of the expert reports would become a paramount consideration. Accordingly, reports and documents prepared after the commencement of the engine-related litigation should remain conditionally privileged *(see, Abrams v Vaughan & Bushnell Mfg. Co.,* 37 AD2d 833; *Ortung Piano & Organ Co. v Aetna Cas. & Sur. Co.,* 75 AD2d 845). Should CCWM or Delaval wish to obtain docu-

ments concerning the engines prepared after the interposition of the counterclaims with respect thereto, they must show that the material can no longer be duplicated because of changed circumstances and that its withholding will result in injustice or undue hardship (CPLR 3101 [d]; *see, Volpicelli v Westchester County,* 102 AD2d 853; *Thibodeau v Rob Leasing,* 88 AD2d 1085).

In short, we find that the precounterclaim reports do not meet the definition of material prepared for litigation, and, under all of the circumstances, that the November 18, 1982 date of interposition of the engine-related counterclaims serves as the appropriate dividing line between privileged and conditionally privileged documents. We emphasize that this result is guided by the particular facts of this case and does not reflect a determination that in every case the report of an expert shall be discoverable merely because at the time the report was prepared its subject had yet to become the subject of litigation *(cf. Mold Maintenance Serv. v General Acc. Fire & Life Assur. Corp.,* 56 AD2d 134, 136).

Although it has been the practice of this court in appropriate cases to order the redaction of opinion and conclusions from expert reports held to be discoverable *(compare, Tessoni v Bliss Co.,* 81 AD2d 612, *with Anastasia v Barnes,* 109 AD2d 769, *and Ortung Piano & Organ Co. v Aetna Cas. & Sur. Co., supra),* our independent examination of the documents at issue here convinces us that this case does not lend itself to the application of such a rule. Factual observation and opinion are so intertwined in these highly technical documents that any effort to redact opinion would be impracticable. Only matter which is not material or relevant to the condition of the engines or is otherwise privileged shall be immune from disclosure.

The Referee's rulings with respect to the documents that the county has sought to protect from disclosure do not reflect the application of the standard we consider appropriate to this case. While this does not mean that the Referee necessarily ruled incorrectly with respect to each and every document, his report must be vacated and the matter remitted in order that his rulings can be reconsidered in light of this decision. Upon his reconsideration, the Referee shall first determine which documents were prepared prior to November 18, 1982, and then consider requests by the county, if any, to protect certain documents or portions thereof from disclosure. Requests by CCWM or Delaval for disclosure of those documents dated after November 18, 1982, which contain information not con-

tained in earlier documents and which cannot now be replicated, shall wait until after disclosure of the precounterclaim documents in order to allow these parties the opportunity to make an informed decision regarding the need for further documents. Bracken, J. P., Rubin, Lawrence and Eiber, JJ., concur.