■ JOHN POLE, Respondent, v FRAME CHEVROLET, INC., Defendant and Third-Party Plaintiff-Appellant. GENERAL MOTORS CORPORATION, Third-Party Defendant-Appellant.—In an action, *inter alia,* to recover damages for personal injuries, the defendant third-party plaintiff and the third-party defendant appeal separately from an order of the Supreme Court, Nassau County (DiNoto, J.), dated January 14, 1988, which denied their respective motions to compel the plaintiff (1) to furnish a

copy of a certain expert's report, and (2) to produce a certain prospective expert witness for an examination before trial.

Ordered that the order is modified, on the law and as an exercise of discretion, by adding thereto a provision directing the plaintiff to produce so much of his expert's report as contains factual data relating to the subject vehicle; as so modified, the order is affirmed, without costs or disbursements, and the plaintiff's time to produce the expert's report is extended until 20 days after service upon him of a copy of this decision and order, with notice of entry.

The defendant third-party plaintiff and the third-party defendant have demonstrated circumstances sufficient to warrant limited disclosure of the plaintiff's expert's report pursuant to the former provisions of CPLR 3101 (d), which govern this action *(see, McKinstry v Werner Mach. Co.,* 133 AD2d 361; *Stevens v Metropolitan Suburban Bus Auth.,* 117 AD2d 733; *Anastasia v Barnes,* 109 AD2d 769; *Terwilliger v Leach Co.,* 88 AD2d 910; *see also, Kellar v Vassar Bros. Hosp.,* 105 AD2d 691, 692; *Morrison v Ellis,* 91 AD2d 1172). However, we agree with the Supreme Court that, under the circumstances presented, a deposition of the plaintiff's expert is unwarranted *(see, Calo v Ahearn,* 135 AD2d 457, 458). Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.