■ ENSIGN BANK, F.S.B., Respondent, v GERALD MODELL, INC., Appellant.—Order, Supreme Court, New York County (William Davis, J.), entered December 26, 1989, which, *inter alia,* denied defendant's motion for a protective order, unanimously affirmed, with costs and disbursements.

On appeal, defendant attempts to argue, for the first time, that plaintiff's notice to produce "all items and collateral held by defendant under pawn tickets numbered 11039, 10183, 11040, 0186 and 10180", is overbroad, burdensome and fails to specify the items sought to be inspected pursuant to CPLR 3120. While the court generally will not reach issues raised for the first time on appeal, review is not precluded in this case, where the notice for discovery and inspection at issue can be adequately evaluated from the record on appeal. *(See, Blue Grass Partners v Bruns, Nordeman, Rea & Co.,* 75 AD2d 791, 792-793.) On review, we find defendant's arguments to be without merit.

The discovery request at issue here is specific enough to apprise defendant of the categories of items sought, which are narrowly defined. Thus, the use of the term "all", in this context, does not suggest the type of overbreadth and burden that would warrant judicial intervention. *(See, Stevens v Met-*

*ropolitan Suburban Bus Auth.*, 117 AD2d 733, 734.) To hold otherwise would be to exalt form over substance. Concur— Kupferman, J. P., Sullivan, Asch, Wallach and Smith, JJ.