■ NORTH SHORE TOWERS ASSOCIATES et al., Respondents, v LUPTON MANUFACTURING COMPANY et al., Appellants.—Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered March 5, 1990, which granted in part and denied in part the respective motions of defendants Lupton Manufacturing Company and Olin Corporation and defendant and crossclaim plaintiff Consolidated Aluminum Corporation (Conalco) and the cross motion of plaintiffs North Shore Towers Associates and the executors of the estate of Sigmund Sommer, as general partner of North Shore Developers, for protective orders pursuant to CPLR 3103 (a), unanimously affirmed.

This case concerns the alleged breach of contract by defendants in connection with the construction of a luxury apartment complex on the north shore of Long Island. Plaintiffs seek damages arising as a result of alleged delays and defective and incomplete work relative to window wall installations. The contract in question was executed in 1972 between defendant Lupton Manufacturing Company (Lupton), a divi-

sion of Olin Corporation, and Sigmund Sommer Construction Co. (Sigmund), which later assigned its participation to plaintiff, North Shore Towers Associates, and in 1973, Olin apparently sold its domestic aluminum business (which included Lupton) to Conalco.

In May of 1974, it became readily apparent to Lupton's project manager that its part of the construction project was at least six months behind schedule, and in 1975 plaintiffs commenced this breach of contract action.

Plaintiffs' first notice of discovery and inspection was served in May 1986 and sought documents regarding Lupton's work on the project, which was complied with.

In 1988, plaintiffs sought the addresses of a number of defendants' former employees, the names having been drawn from the documents that defendants provided. Defendants refused to comply with this demand as well as plaintiffs' supplemental document request seeking, *inter alia,* documents generated during the negotiation of the sale of Lupton to Conalco. These requests were based on testimony of a former vice-president of Olin who had been assigned to assist in the management of Lupton during the negotiation period, which testimony apparently indicated that Lupton had experienced production delays and delivery problems with various contracts. In turn, defendants sought financial documents from plaintiffs concerning transactions through 1989.

The IAS court, having considered the scope of the relative discovery requests of the parties, ordered defendants to produce all of the discovery requested by plaintiffs limited to the period 1972 through 1975 and ordered plaintiffs to produce most of the material requested by defendants but limited to the period between 1972 and 1977.

The documents requested of defendants clearly bear on the controversy and will assist in the preparation for trial *(see, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406). Indeed, any documents demonstrating Lupton's other contract commitments and production capacity at the time it entered into the contract with plaintiffs are material to the issues presented in the instant case and, under the circumstances, the document requests sufficiently identify the particular subject matters to be explored. *(See, e.g., Agricultural & Indus. Corp. v Chemical Bank,* 94 AD2d 671, 672.) As plaintiffs do not seek damages for any period beyond 1976, the IAS court properly limited defendants' request to the period from 1972 to 1977.

We have considered defendants' other claims and find them

to be of no merit. Concur—Kupferman, J. P., Milonas, Rosenberger, Asch and Kassal, JJ.