■ MARGEAUX R. CVAR et al., Respondents, v ARTHUR YOUNG & COMPANY, Appellant.—Order of Supreme Court, New York County (Edward H. Lehner, J.), entered on January 18, 1991 which, *inter alia,* granted plaintiffs' cross-motion to compel discovery to the extent of ordering defendant to comply with plaintiffs' first request for the production of documents dated November 8, 1990 as to items 1-7 and 9-14, is unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of striking instructions labeled "B" and "C" and item no. 1 of plaintiffs' November 8, 1990 first request for the production of documents, and as so modified, the order is otherwise affirmed, without costs. Appeal from order of said court and Justice entered February 19, 1991, which denied defendant's motion to modify the January 18, 1991 order is deemed a denial of a motion for reargument and as such is dismissed as non-appealable, without costs.

The propriety of the use of the phrase "[a]ll documents evidencing or referring to," is context oriented; the issue is whether the request constitutes the type of overbreadth that warrants judicial intervention *(Ensign Bank v Gerald Modell, Inc.,* 163 AD2d 149; *Agricultural & Indus. Corp. v Chemical Bank,* 94 AD2d 671, 672). Upon examining plaintiffs' first document request, it appears that the only remaining request that is improperly overbroad is item no. 1, which seeks "All

documents evidencing or referring to the Consulting and License Agreement entered into on or about July 16, 1987 between plaintiffs and Arthur Young ('Agreement')." This item fails to give any insight as to the classification of documents sought and is a "blunderbuss" approach, especially when taken in conjunction with the broad yet standard definition of "document" and the definition of "evidencing" or "referring to" set forth in plaintiffs' request. By contrast, the remaining requests are not so undefined as to require judicial intervention.

Plaintiff's instructions "B" and "C", however, are offensive in terms of breadth, especially in absence of any indication that such types of documents exist. The more expedient procedure would be to require plaintiffs take depositions, determine whether such types of documents exist, and allow the defendant to specify its objection to the document's production *(see, Ehrlich v Ehrlich,* 74 AD2d 519). Concur—Sullivan, J. P., Milonas, Ross, Asch and Kassal, JJ.