■ RKB Enterprises, Inc., Respondent, v Ernst & Young, Appellant, et al., Defendant. [600 NYS2d 793] —Weiss, P. J. Appeal from that part of an order of the Supreme Court (Ellison, J.), entered October 9, 1992 in Chemung County, which partially denied defendant Ernst & Young's motion for a protective order striking certain of plaintiff's document discovery demands.

The factual background of this contract and fraud action may be found in our decision on an earlier appeal *(see,* 182 AD2d 971). In the present appeal defendant Ernst & Young (hereinafter E & Y) challenges the order of Supreme Court which denied portions of its motion for a protective order seeking relief from demand Nos. 2, 7, 8 and 11 in plaintiff's document and discovery demand *(see,* CPLR 3120 [a] [1] [i]).

Demand No. 2 seeks copies of "[a]ll written agreements between defendants [System Software Associates, Inc. (hereinafter SSA)] and E & Y". Upon the recommendation of E & Y, plaintiff purchased equipment and computer programs from SSA, who then installed the same and trained plaintiff's employees in their operation. E & Y contends that the use of the term "all" violates the "specified with reasonable particularity" requirement of CPLR 3120 (a) (1) (i). While in some contexts the term "all" may indeed be an indication of a lack of specificity *(see, Stevens v Metropolitan Suburban Bus Auth.,* 117 AD2d 733), in a narrowly defined category, as here, it is not so palpably improper as to warrant judicial interference *(see, Ensign Bank v Gerald Modell, Inc.,* 163 AD2d 149). E & Y's sweeping conclusions that the demand is overbroad lack factual support in the motion papers and appears to be an attempt to exalt form over substance *(see, supra,* at 150). We similarly find that E & Y's contention that demand No. 7

is vague and imprecise has no merit. Its guidelines to practice and its copy of the American Institute of Certified Public Accountants' Management Advisory Services' Practice Standards are relevant to this action *(see, Lounsbury v New York State Elec. & Gas Corp.,* 62 AD2d 1033, 1034). Contrary to E & Y's contention, the record does not support its suggestion that their internal standards are higher than those of the industry. We find that no basis has been demonstrated to warrant our interference with the discretion of Supreme Court in this contention.

E & Y next opposes disclosure of the personnel records specified in demand No. 8, which Supreme Court has already limited to the qualifications, training and job performance evaluations of only those employees who worked on plaintiff's computer project, citing the need to protect the confidentiality of self-critical analysis documents *(see, Matter of Crazy Eddie Sec. Litig.,* 792 F Supp 197). However, the "self-critical analysis doctrine" recognized by the Federal courts in *Matter of Crazy Eddie Sec. Litig. (supra)* has no support in either New York statutes or case law when the documents sought are relevant to the issues of an action *(see, Stevens v Metropolitan Suburban Bus Auth., supra; Perry v Fiumano,* 61 AD2d 512). Here, E & Y's contract performance is directly related to the qualifications, training and job performance of those employees who worked on plaintiff's project and we therefore find no error in this aspect of the order.

Finally, E & Y contends that the production of its own analyses and evaluations of services performed by SSA is overly broad because of the period of time encompassed. While projects with which E & Y was involved at the time the demand was made, arguably, could be remote to this lawsuit, the extent of an ongoing relationship with SSA and the evaluation made of that relationship is relevant to plaintiff's claims. Whether E & Y properly investigated SSA by examination of its credentials, capabilities and past performance, and how E & Y evaluated SSA after such investigation, is information clearly relevant to this action. In the absence of a specific showing of how Supreme Court erred, we defer to the sound discretion of that court which was familiar with the entirety of this action.

Mikoll, Crew III, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, with costs.