■ RICHARD HOFFNER, by His Mother and Natural Guardian, JANET HOFFNER, et al., Respondents, v ROBERT MORF, Appellant.—In a negligence action to recover damages for personal injuries, etc., defendant appeals from (1) so much of an order of the Supreme Court, Nassau County, dated March 19, 1976, as denied the branch of his motion which sought a change of venue and (2) a further order of the same court, dated April 29, 1976, which denied his motion for reargument. Appeal from the order dated April 29, 1976 dismissed. No appeal lies from an order which denies a motion for reargument. Order dated March 19, 1976 reversed insofar as appealed from, the branch of the motion seeking a change of venue granted, and venue is changed from Nassau County to Rockland County. Defendant-appellant is awarded one bill of $50 costs and disbursements to cover both appeals. Where, as here, all other relevant factors are basically equal, the proper venue in a transitory action is the county in which the cause of action arose (see *Slavin v Whispell,* 5 AD2d 296). Rockland County is where this transitory action arose. Latham, J. P., Cohalan, Rabin and Hawkins, JJ., concur.

■ SARA JESSELLI et al., Appellants, v CITY OF NEW YORK et al., Respondents. (And a Third-Party Caption.)—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Richmond County, dated January 11, 1977, which denied (1) their renewal motion for a general preference and (2) their motion for leave to serve a supplemental bill of particulars. Order reversed, with one bill of $50 costs and disbursements payable jointly by defendants-respondents, and renewal motion for a general preference and motion for leave to serve a supplemental bill of particulars granted. The supplemental bill of particulars in the form annexed to the moving papers is deemed served. It was an improvident exercise of discretion to deny plaintiffs' renewal motion for a general preference. Plaintiffs established that Sara Jesselli's injuries might warrant a recovery in excess of the $10,000 jurisdictional limitation of the Civil Court (see *Coletto v Keogh,* 44 AD2d 712). It was similarly an improvident exercise of discretion to deny plaintiffs leave to serve a supplemental bill of particulars. Where plaintiffs have shown a prima facie basis for their additional claims, and defendants have claimed no prejudice, leave to supplement a bill of particulars should be freely given (see 3 Weinstein-Korn-Miller, NY Civ Prac, par 3041.21). Latham, J. P., Cohalan, Rabin and Hawkins, JJ., concur.