■ Marilyn Haroian, Respondent, v Lawrence Nusbaum et al., Defendants and Third-Party Plaintiffs-Respondents. City of New York, Third-Party Defendant-Appellant. — In a negligence action to recover damages for personal injuries, etc., the third-party defendant (the City of New York) appeals from an order of the Supreme Court, Rockland County (Stolarik, J.), dated December 23, 1980, which denied its motion for (1) a change of venue from Rockland County to New York County, (2) a protective order vacating the defendants' notice of discovery and inspection, dated October 7, 1980, and (3) an order directing that the examination before trial of the third-party defendant be held at the New York County Courthouse, rather than at the office of the defendants' attorney. Appeal from so much of the order as denied the branch of the third-party defendant's application which sought to change the location of its examination before trial, dismissed as academic, without costs or disbursements. The examination before trial has already been conducted. Order insofar as it denied the branches of the third-party defendant's motion which were for a change of venue and for a protective order reversed, without costs or disbursements, and the said branches of the motion are granted, without prejudice to the defendants' right to proceed in an appropriate manner by service of a proper notice of discovery, identifying the specific documents, etc., to be examined, with reasonable particularity, after the conduct of any

additional disclosure proceedings which may be necessary in order to ascertain the existence of such matter. In view of the "conflict" in venue provisions (CPLR 502) engendered by the joinder of the City of New York as a third-party defendant (see CPLR 503, subd [a]; 504, subd 3), and given the further fact that this transitory cause of action arose in New York County, we believe that Special Term abused its discretion in denying the branch of the city's motion which was for a change of venue, at least in the absence of any cross motion by the parties to the primary action to retain venue in Rockland County on the grounds set forth in CPLR 510 (subds 2, 3) (see *Hoffner v Morf,* 59 AD2d 755; *Slavin v Whispell,* 5 AD2d 296). Turning to the balance of the application (i.e., for a protective order), we have concluded that the notice of discovery and inspection, even as modified by Special Term, is palpably improper and cannot be sustained. Lacking knowledge of the existence of specific documents, etc., proper procedure requires that the party seeking discovery and inspection pursuant to CPLR 3120 initially make use of the deposition and related procedures provided by the CPLR to ascertain the existence of such documents in order that they may be designated with specificity in a CPLR 3120 notice *(Rios v Donovan,* 21 AD2d 409; *King v Morris,* 57 AD2d 530; *City of New York v Friedberg & Assoc.,* 62 AD2d 407; *Ehrlich v Ehrlich,* 74 AD2d 519). As the Appellate Division, First Department, has aptly stated, "th[e] attempts to designate documents by use of the alternate phrases, 'All', 'All other' or 'Any and all', renders a request or notice for production under CPLR 3120 'palpably improper'" *(City of New York v Friedberg & Assoc., supra,* p 410). Moreover, the fact that item one of defendants' notice for discovery and inspection requests "[t]he names and addresses of all persons who have made similar claims," as opposed, e.g., to "all reports, documents, and writings," does not validate the method of disclosure adopted by the defendants herein (see *Rios v Donovan, supra,* pp 414-415). Lazer, J. P., Gulotta, Margett and Bracken, JJ., concur.