■ KAHRE-RICHARDES FAMILY FOUNDATION, INC., et al., Appellants, v VILLAGE OF BALDWINSVILLE, Defendant, and ROB ROY POOLS, INC., Respondent. (Appeal No. 1.) — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: In their action to quiet title and set aside a deed given by defendant village to defendant Rob Roy Pools, Inc., plaintiffs seek a declaratory judgment that their property is tax exempt under section 421 of the Real Property Tax Law (as amd and renum by L 1981, chs 105, 919). Special Term dismissed the request for the declaratory judgment upon the ground that plaintiffs had not complied with the procedures for obtaining exemption under the Real Property Tax Law. This

was error, and that aspect of the complaint is reinstated. It is well settled that if "the assessor erroneously fails or refuses to *wholly* exempt the taxpayer's property, the resulting tax is a nullity which may be challenged in an action in equity (asserting that the void assessment is a cloud on title), in an article 78 proceeding, or in a declaratory judgment action (Lee and Le Forestier, Review and Reduction of Real Property Assessments in New York [2d ed], § 10.09). The taxing authority is said to have acted 'without jurisdiction' (*Matter of State Ins. Fund v Boyland,* 282 App Div 516, 520, affd 309 NY 1009) and its determination may be attacked collaterally" (*Stabile v Half Hollow Hills Cent. School Dist.,* 83 AD2d 945, 946; see *Matter of Glickenhaus Foundation v Board of Assessors,* 40 AD2d 1059; *American-Russian Aid Assn. v City of Glen Cove,* 41 Misc 2d 622, affd 23 AD2d 966). ¶ We find no abuse of discretion in Special Term's grant of an order of protection pursuant to CPLR 3103 with respect to evidence pertaining to a disciplinary proceeding which culminated in the disbarment of defendant Rob Roy's president. While the information could undoubtedly be used for impeachment purposes on cross-examination, it is not evidence material and necessary for the prosecution or defense of the action (see 3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.07). Moreover, much of it is a matter of public record (see *Matter of Weichert,* 40 AD2d 261). (Appeal from order of Supreme Court, Onondaga County, Stone, J. — dismiss complaint, protective order.) Present — Hancock, Jr., J. P., Denman, Boomer, O'Donnell and Schnepp, JJ.