■ CYNTHIA A. ZIMMERMAN, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—In an action to recover damages for wrongful death, etc., defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Goldstein, J.), dated October 24, 1983, as denied its motion for a protective order vacating items 9 through 13 of plaintiff's notice to produce for discovery and inspection dated September 29, 1983.

Order modified, by granting defendant's motion for a protective order to the extent of (1) limiting the scope of the discovery sought in item 9 of the plaintiff's notice to produce for discovery and inspection dated September 29, 1983 to accidents involving persons who have fallen from subway station platforms between R-46 subway cars while attempting to board trains at rest in a subway station, (2) vacating items 10, 11 and 12 of the plaintiff's notice to produce for discovery and inspection without prejudice to plaintiff's right to proceed in an appropriate manner by service of a proper notice to produce for discovery and inspection, identifying the specific documents, etc., to be examined, with reasonable particularity, after the conduct of any additional disclosure proceedings which may be necessary in order to ascertain the existence of such matter and (3) limiting the time period in item 13 to the period commencing from the date R-46 subway cars were first put into service up to and including December 27, 1982. As so modified, order affirmed, insofar as appealed from, without costs or disbursements.

Plaintiff's decedent, who was blind, suffered fatal injuries on December 27, 1982, when he fell from the platform of the Sutphin Boulevard station between two R-46 subway cars of an "E" train while attempting to board the train.

The theory of plaintiff's cause of action, as amplified by her bill of particulars, was that the R-46 subway cars were defective and dangerous due to the lack of any protective gates thereon which would have prevented decedent, a blind man, from entertaining the mistaken belief that the opening between the two coupled cars was the entrance to the seating compartment.

Under these circumstances, the discovery sought in items 9 and 13 of plaintiff's notice to produce for discovery and inspection was too broad and has been modified accordingly *(see, Allen v Crowell-Collier Pub. Corp.,* 21 NY2d 403; *Mott v Chesebro-Whitman Co.,* 87 AD2d 573; *Klatz v Armor Elevator Co.,* 93 AD2d 633, 637).

With respect to items 10, 11, and 12 of plaintiff's notice to produce for discovery and inspection, they are "palpably improper and cannot be sustained" *(Haroian v Nusbaum,* 84 AD2d 532, 533). As this court stated in *Haroian v Nusbaum (supra,* p 533): "Lacking knowledge of the existence of specific documents, etc., proper procedure requires that the party seeking discovery and inspection pursuant to CPLR 3120 initially make use of the deposition and related procedures

provided by the CPLR to ascertain the existence of such documents in order that they may be designated with specificity in a CPLR 3120 notice *(Rios v Donovan,* 21 AD2d 409; *King v Morris,* 57 AD2d 530; *City of New York v Friedberg & Assoc.,* 62 AD2d 407; *Ehrlich v Ehrlich,* 74 AD2d 519). As the Appellate Division, First Department, has aptly stated, 'th[e] attempts to designate documents by use of the alternative phrases, "All", "all other" or "any and all", renders a request or notice for production under CPLR 3120 "palpably improper" ' *(City of New York v Friedberg & Assoc., supra,* p 410)" *(see also, Ganin v Janow,* 86 AD2d 857, 858; *Zambelis v Nicholas,* 92 AD2d 936).

Accordingly, the order has been modified to the extent indicated. Lazer, J. P., Mangano, Brown and O'Connor, JJ., concur.