■ JOHN W. FALLON, JR., Respondent, v CBS INC. et al., Appellants. UNITED STATES DEPARTMENT OF JUSTICE, Nonparty Respondent.

Although a person who is not a party to an action may, by order, be directed to produce documents for discovery and inspection, such an order must specifically designate the documents to be produced (see, CPLR 3120 [b]) in the same manner as a notice to produce (see, CPLR 3120 [a] [1] [i]), and it is therefore incumbent upon the party moving for such an order to describe the documents sought with adequate specificity in its moving papers.

In the present case, the defendants were seeking to obtain, for the most part, "[e]ach memorandum, directive, letter or other communique" exchanged between specific individuals within a certain time period pertaining to any investigation of the plaintiff by any governmental agency for misconduct or misuse of office. Elsewhere in their moving papers, the defendants stated that they were also seeking "[e]ach directive, memorandum, report or other document" relating to a change in the plaintiff's employment title in 1981, "[e]ach indictment or draft indictment" naming the plaintiff, "[a]ll correspon-

dence, communications, notes or communiques" from or between specified individuals pertaining to the plaintiff, and "each written communication" between the plaintiff and other specified persons regarding the allegedly defamatory broadcast.

We agree with Special Term that the foregoing specifications in the defendants' moving papers are "palpably improper and cannot be sustained" *(Haroian v Nusbaum,* 84 AD2d 532, 533). Although the use of broad and general phrases in describing the documents to be produced is generally disfavored and should be avoided *(see, Zimmerman v New York City Tr. Auth.,* 115 AD2d 738, 740; *Hudson Val. Tree v Barcana, Inc.,* 114 AD2d 400, 401; *Agricultural & Indus. Corp. v Chemical Bank,* 94 AD2d 671, 672; *Haroian v Nusbaum, supra,* at p 533), the use of such phrases will not invariably render improper a notice or motion where "there follows a particularized request for an identifiable specific category of documents, framed so as to reasonably apprise [the party or person from whom disclosure is sought] of exactly what it is expected to produce" *(Agricultural & Indus. Corp. v Chemical Bank, supra,* at p 672; *see also, Palmieri v Kilcourse,* 91 AD2d 657). However, the motion papers in the present case lack the specificity required to enable the court to issue an order that reasonably apprises the various nonparties of what they are to produce. In fact, the defendants' papers reveal that they lack knowledge of the existence of specific documents and are improperly utilizing CPLR 3120 to conduct a "fishing expedition" and thereby to ascertain whether any such documents do exist. Under these circumstances, "proper procedure requires that the party seeking discovery and inspection pursuant to CPLR 3120 initially make use of the deposition and related procedures provided by the CPLR to ascertain the existence of such documents in order that they may be designated with specificity" *(Haroian v Nusbaum, supra,* at p 533; *see also, Zimmerman v New York City Tr. Auth., supra,* at pp 739-740; *Rios v Donovan,* 21 AD2d 409, 414).

In view of our affirmance of the order denying the defendants' motion for discovery and inspection of documents in the possession of nonparties, we have no occasion to address the applicability of the Federal regulations governing production and disclosure by the United States Department of Justice in Federal and State proceedings (28 CFR 16.21 *et seq.).* We note, however, that the defendants in this case have conceded that they must, in addition to complying with CPLR 3120, proceed

according to the Federal regulations. Mangano, J. P., Bracken, Brown and Kooper, JJ., concur.