OPINION OF THE COURT
Bernard J. Fried, J.
Following the service of a defense trial subpoena duces tecum, attorneys representing the Atlantic Insurance Company moved to quash asserting that the material sought constituted attorney’s work product under CPLR 3101 (c). At the time the District Attorney orally served an identical subpoena which was accepted on behalf of Atlantic. A briefing schedule was fixed, written submissions were filed (except by the District Attorney who responded orally) and a hearing was held.
At the hearing, the scope of the subpoena was narrowed to three documents: (1) a signed statement of Theresa Bentz, dated September 5, 1984; (2) a signed statement of Ruth Daniels, dated September 5, 1984; and (3) a written summary *678 of an interview with lisa Lorenz conducted by George P. Cummings, an adjuster.
I conclude that these materials, which I have examined in camera, are not the work product of an attorney which enjoys a statutorily mandated absolute privilege (CPLR 3101 [c]).*
The statements were not obtained by an attorney and clearly do not reflect an attorney’s training, analysis or strategy. Thus, these documents constitute materials prepared for litigation covered by CPLR 3101 (d) (2) and not work product. (See, 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3101.47.)
As to materials prepared for litigation, they only have conditional immunity or as set forth in CPLR 3101 (d), they are protected, "unless the court finds that the material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship”. In addition to this statutory conditional immunity, the courts have recognized, in a criminal case, that when the defendant seeking the material establishes, by a preponderance of the evidence, that the material sought is, "material and relevant to his defense, that it [cannot be obtained] from any [other] source” and "that the defendant [has] a legitimate need to see and * * * use it” that the conditional privilege must yield. (People v Marin, 86 AD2d 40, 48.)
Here, I find that the statements are of obvious materiality and relevancy. The defendant is charged with 42 counts of sexual offenses involving six young children, ages three to four years, who were in a specific class in a day care center located in The Bronx. The People’s theory is that the defendant, a minister of the church where the center was located, abused these children while the teachers were not in the classroom. It is the statements of these teachers, lisa Lorenz and Theresa Bentz, as well as that of the director of the center, Ruth Daniels, which are sought by this subpoena. (That the Lorenz statement is not signed but rather derived, apparently, from the insurance adjuster’s notes is not significant. It is a detailed statement of two single-spaced pages which seem almost verbatim.)
In their statements, both Ms. Bentz and Ms. Lorenz deny that the children were left alone for any length of time or that the defendant was ever alone with the children. This is *679 inconsistent with the expected testimony on the People’s case of both Bentz and Lorenz. Since this testimony goes to the heart of the theory of the prosecution it cannot be anything but relevant and material. I am aware that where the information sought would do no more than impeach the "witnesses’ general credibility” it is not producible. (People v Gissendanner, 48 NY2d 543, 548 [1979]; see also, In re Grand Jury Investigation, 599 F2d 1224, 1233 [3d Cir 1979].) However, that is not the case here. These statements — if actually inconsistent — while not admissible as substantive evidence, may serve to discredit the witnesses with respect to their trial testimony concerning this particular subject. (For this basic proposition citation is unnecessary.) Thus, the conclusion of the materiality and relevancy, as well as need, is inescapable.
Turning to whether the materials can be obtained from any other source, it is clear they are not otherwise available. Counsel for the defendant has not been able to interview Bentz and Lorenz who are represented by separate attorneys; both refused to be interviewed. Again, the conclusion of unavailability is inescapable. Also, to use the language of CPLR 3101 (d), this material, at least as far as defendant Grady is concerned, "can no longer be duplicated”. Nor is the material available from any other less intrusive source. (See, Matter of Farber, 78 NJ 259, 276-277, 394 A2d 330, 338 [1978].)
Finally, there is no doubt "withholding it will result in injustice” (CPLR 3101 [d]). Here what is at stake is the right of the defendant to obtain a fair trial. To this end it simply cannot be denied that written statements of Bentz and the interview of Lorenz might be crucial for purpose of impeachment, and not in mere general terms but with regard to the specific issues in this case. (Although the impeachment value in Daniel’s statement is not as evident, I find that it also contains material that has bearing on the issues in this prosecution.) To deny, then, these statements to the defendant because of the statutorily qualified privilege would quite likely be violative of defendant’s 6th Amendment rights. (See, Davis v Alaska, 415 US 308 [1974].)
Having concluded that the materials should be turned over to the defense, it is necessary to consider the prosecutor’s request. As stated at the hearing his "sole interest in these statements is to the extent that they are disclosed to counsel for the defense”. No other basis has been advanced. In my view, that the statements are disclosed to the defense is not an adequate reason to also disclose them to the prosecutor— *680 more must be shown. That the prosecutor would "like to evaluate [these statements] in determining whether to call the witness” is not enough. These are his own witnesses and presumably he knows what they have said to others. Moreover, the mere fact that an adversary has a statement of one’s own witness does not require disclosure. Indeed, if the People do not intend to call a particular witness as their own and the defense does so, the People are not required to disclose a statement of that witness which is in their own possession. (Cf. CPL 240.45 [1].) Rather, they would be permitted to keep such statement for their own use on cross-examination. Thus, the People must also establish by a preponderance of the evidence that there is good reason, as to them, to override the conditional privilege. This has not been done.
Accordingly, the motion to quash the defense subpoena is denied and the requested documents will be produced. However, as to the Lorenz statement, the adjuster’s personal opinions will be redacted. With regard to the prosecution’s subpoena, the motion to quash is granted.

 The conclusion renders it unnecessary for me to consider whether the attorney’s work product privilege may be overcome in a criminal case. (See, e.g., People v Marin, 86 AD2d 40 [2d Dept 1982].)