■ BONNIE BRESLAUER et al., Plaintiffs, v LILLIAN DAN et al., Defendants and Third-Party Plaintiffs-Appellants. ALDEN PORSCHE AUDI, Third-Party Defendant, and AUDI OF AMERICA, INC., Third-Party Defendant-Respondent.—In a third-party

action for contribution, the third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated April 14, 1988, as granted that branch of the third-party defendant-respondent's motion which was to compel them to furnish all reports prepared by nonexperts reflecting the condition of the subject vehicle.

Ordered that the order is reversed insofar as appealed from, with costs, and that branch of the third-party defendant-respondent's motion which was to compel them to furnish all reports prepared by nonexperts reflecting the condition of the subject vehicle is denied.

The third-party defendant-respondent is not entitled to reports prepared by nonexperts. CPLR 3101 (d) (2) is applicable here rather than CPLR 3101 (d) (1) (iii). Thus, the controlling standard is "undue hardship", not "special circumstances". At bar, the third-party defendant-respondent failed to establish "undue hardship" because it offered no evidence of "even a minimal good-faith effort * * * to contact" the nonparty buyer of the subject vehicle, whose address was furnished by the appellants (see, *Volpicelli v Westchester County*, 102 AD2d 853). Kunzeman, J. P., Rubin, Eiber and Rosenblatt, JJ., concur.