■ ESTHER D. WEISS, as Executrix of ROBERT M. WEISS, Deceased, Appellant, v DAVID MEISELMAN et al., Respondents. —In an action, *inter alia,* for an accounting and dissolution of two alleged partnerships, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), dated July 28, 1988, which denied her motion for a protective order as to items numbered 2 (a), 4 and 5 of the defendants' demand made pursuant to CPLR 3120 for discovery and inspection, and granted the defendants' cross motion to compel her to comply with their demand.

Ordered that the order is reversed, without costs or disbursements, the motion is granted, and the cross motion is denied, without prejudice to the defendants' service of a proper notice for discovery and inspection with respect to item numbered 2 (a) identifying with reasonable particularity the specific documents to be examined, and, with respect to items numbered 4 and 5, without prejudice to proper service of a notice for discovery and inspection pursuant to CPLR 3120 (b) upon the nonparty accounting firms stating with adequate specificity the documents sought.

The challenged items of the defendants' notice for discovery and inspection sought (1) production of "[a]ll correspondence or other written documents" exchanged between the plaintiff and her former attorneys as pertained to the two property transactions which form the basis of the instant litigation, and (2) duly executed authorizations from the plaintiff to obtain copies of the plaintiff's records and files from two accounting firms. The plaintiff moved for a protective order against those items on the ground that, as to the former, the material sought was protected by the attorney-client privilege, and as to the latter, the defendants had failed to comply with the procedural requirements of CPLR 3120 (b).

In deciding this appeal with respect to item numbered 2 (a), we do not address the issue of whether the documents sought are protected by the attorney-client privilege. Rather, we find that use of the description "all" with broad categories in item numbered 2 (a) of the defendants' notice rendered the notice palpably improper by failing to specify the documents sought

with sufficient particularity *(see, e.g., Auerbach v Frank,* 133 AD2d 799; *Fallon v CBS Inc.,* 124 AD2d 697, 698). Under the circumstances, the defendants should have first deposed the plaintiff or made use of related discovery procedures to ascertain and designate with specificity the documents pertinent to the action *(see, Fallon v CBS Inc., supra; Zimmerman v New York City Tr. Auth.,* 115 AD2d 738, 739-740; *Haroian v Nusbaum,* 84 AD2d 532, 533). Once that is done, the plaintiff may attempt to demonstrate that the discovery sought is either inappropriate, subject to the protection of a privilege, or unnecessary.

With respect to the accounting records sought, only preexisting items within a party's possession, custody or control are susceptible to an application for discovery and production (CPLR 3120 [a]). Although a nonparty may be directed by court order to produce documents for discovery and inspection, such an order may be made only following service upon the nonparty of a notice of motion "in the same manner as a summons" (CPLR 3120 [b]). The defendants failed to comply with the jurisdictional requirement of CPLR 3120 (b) *(see, Ruiz v City of New York,* 125 AD2d 661). Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.