■ VILLAGE PARK ASSOCIATES, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendant.—In an action, inter alia, for specific performance of a purported contract for the sale of real property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), entered August 24, 1988, as granted the separate motions of the municipal defendants City of New York, the New York City Public Development Corporation, and James P. Stuckey to transfer venue of this action to New York County, and to cancel the notice of pendency filed by the plaintiff in connection with this action.

Ordered that the order is affirmed insofar as appealed from, with costs to the municipal respondents.

In 1984, the plaintiff Village Park Associates was the owner of four contiguous parcels of land in Whitestone, Queens, upon

which it intended to construct an office complex. After the plaintiff's plans for construction of the complex had been filed with the New York City Department of Buildings, the New York City Department of Transportation sought to acquire two of the plaintiff's parcels for the construction of a municipal parking field. According to the plaintiff, the Department of Transportation's plans met with community opposition, and in October 1984, as a result of negotiations with various city officials, a compromise agreement was reached whereby the plaintiff agreed not to contest the condemnation of its Whitestone property in return for the opportunity to purchase and develop vacant city-owned land in College Point, Queens, from the defendant New York City Public Development Corporation. The plaintiff further alleges that in January 1986 it signed a contract with the New York City Public Development Corporation to purchase the College Point property, tendering a $44,500 deposit check to that defendant. The contract was never executed by the Public Development Corporation. Thereafter, by letter dated April 16, 1987, the Public Development Corporation returned the deposit and advised the plaintiff that it was terminating further consideration of the contract of sale.

The plaintiff subsequently commenced this action in the Supreme Court, Queens County, in September 1987 seeking, *inter alia,* "specific performance of the contract pursuant to which [plaintiff] is to purchase the College Point * * * property", and simultaneously filed a notice of pendency against the subject realty. The municipal defendants thereafter moved to transfer venue of this action to New York County pursuant to CPLR 510 (1) and 504 (3), and separately moved to cancel the notice of pendency pursuant to CPLR 6501. The Supreme Court granted those motions, concluding that this action could not directly affect title to or possession of the subject real property within the scope of CPLR 507 and CPLR 6501. We agree.

CPLR 507 directs that the place of trial of an action "in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property shall be in the county in which any part of the subject of the action is situated". However, specific performance of the alleged contract of sale would not result in a judgment affecting the title to or possession of the College Point property, as it is clear from the complaint that the property is owned not by the New York City Public Development Corporation but by the defendant City of New York, and both the alleged contract and Not-

For-Profit Corporation Law § 1411 (d) condition transfer of the property to the New York City Public Development Corporation. for sale to the plaintiff upon the approval of the New York City Board of Estimate and the Queens Borough Board. As these governmental approvals cannot be compelled by specific performance of the alleged contract between the plaintiff and the New York City Public Development Corporation, the Supreme Court correctly determined that CPLR 507 does not mandate that venue of this action be set in Queens County.

Moreover, given that this transitory action sounding in breach of contract arose in New York County, it was not an improvident exercise of discretion for the Supreme Court to transfer venue to that county pursuant to CPLR 504 (3) (see, Haroian v Nusbaum, 84 AD2d 532).

In view of our determination that the plaintiff's complaint demonstrates that this action cannot directly affect title to or possession of the subject property, the notice of pendency was properly canceled (see, CPLR 6501; 5303 Realty Corp. v O & Y Equity Corp., 64 NY2d 313). Thompson, J. P., Bracken, Rubin and Spatt, JJ., concur.