■ THEO KELLER, Appellant, v MILDRED NIEVES et al., Defendants, and ROMAN CATHOLIC CHURCH OF OUR LADY OF REFUGE, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Williams, J.), dated January 4, 1990, which granted the motion of the defendant Roman Catholic Church of Our Lady of Refuge to vacate the plaintiff's notice dated November 1, 1989 to produce certain records.

Ordered that the order is reversed, with costs, and the motion is denied; and it is further,

Ordered that the respondent's time to comply with the notice to produce dated November 1, 1989, is extended until 30 days after service upon it of a copy of this decision and order, with notice of entry.

The plaintiff is seeking damages for injuries purportedly sustained in a motor vehicle accident. In his complaint, the

plaintiff alleges that he was the passenger in a vehicle driven by the defendant Serge Pardo, and, at the time of the incident, he and the defendant were on an errand for the defendant Roman Catholic Church of Our Lady of Refuge (hereafter the Church). The Church has steadfastly denied the plaintiff's averments that Pardo was an employee or agent of the Church engaged in Church business at the time of the accident.

The plaintiff served upon the Church a "notice to produce" various documents. Finding some of the requests overbroad, irrelevant, or burdensome, the Church moved for a protective order (see, CPLR 3103 [a]). Although the Church indicated in its motion papers that it found seven of the requests objectionable, the court vacated the entire notice to produce. This appeal ensued.

We find that the challenged items in the plaintiff's notice to produce were relevant to the issue of whether Pardo was engaged in Church business at the time he and the plaintiff were involved in the accident. Thus, those items were properly discoverable (see, CPLR 3101 [a]; *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406-407). Contrary to the Supreme Court's determination, these requests were not overly broad or burdensome. Four of the challenged requests were for documents relating to limited time periods, and the remaining three related to items documenting Pardo's affiliation with the Church. If such documents exist, they are discoverable, since they would be relevant to whether Pardo was an employee of the Church. If, as contended by the Church, Pardo had no affiliation with the Church, then there are no documents reflecting, *inter alia,* payments to the defendant Pardo or insurance coverage upon him, and the Church need only so indicate. Thompson, J. P., Sullivan, Harwood, Miller and O'Brien, JJ., concur.