■ MARY F. SULLIVAN, as Administratrix of the Estate of DANIEL H. REILLY, Deceased, Respondent, v JONATHAN SMITH, Doing Business as ADIRONDACK AQUATICS, et al., Appellants. [604 NYS2d 304] —Mahoney, J. Appeal from an order of the Supreme Court (Dier, J.), entered January 5, 1993 in Washington County, which denied defendants' motion for a protective order.

On August 4, 1991, plaintiff's decedent drowned in Lake George while participating in a deep water dive as part of a scuba diving course conducted by defendant Jonathan Smith, doing business as Adirondack Aquatics. Claiming principally that decedent's death was the result of negligence of Smith and his employee, defendant Malcolm J. McCullough, mainly their inexperience, failure to select an appropriate site for the dive, failure to properly instruct the students in various aspects of diving (particularly those attendant to deep-water diving) and failure to adequately supervise and observe them once in the water, plaintiff commenced the instant action. Following joinder of issue discovery demands were served. Defendants lodged objections to eight of the 28 demands and, when the parties were unable to work out their differences, defendants sought judicial relief. Supreme Court denied the application without decision, prompting this appeal.

Defendants' principal objection lies with plaintiff's demand No. 28, which seeks disclosure of written statements given by the members of decedent's student diving team and rescue squad members shortly after the accident to a representative of Watersports Claims Management, the insurance adjuster for defendants' insurer. In our view these statements are not discoverable. Contrary to plaintiff's arguments, the record evidence clearly establishes that the statements are not accident reports but are materials prepared for litigation under CPLR 3101 (d) (2) (see, e.g., Vernet v Gilbert, 90 AD2d 846, 847). While, concededly, these materials are only qualifiedly immune from disclosure, we find that plaintiff has failed to satisfy her burden of proving that her situation comes within the exception, i.e., that the materials otherwise are unavailable (CPLR 3101 [d] [2]; see, e.g., Volpicelli v Westchester County, 102 AD2d 853). The evidence submitted by plaintiff in this regard consists of an affirmation by her attorney containing general averments that after interviewing the persons listed in demand No. 28, their memories were not as clear as

when they gave the prior statements. Such clearly is insufficient. While the attorney also averred that he has been denied access to two unnamed individuals who he believes participated in recovering decedent's body, inasmuch as these individuals have not been identified by name and there is no indication that either of these persons were included in the list of names contained in the demand, we find this vague assertion likewise to be insufficient (cf., Breslauer v Dan, 150 AD2d 326; Volpicelli v Westchester County, supra; People v Grady, 130 Misc 2d 677, 679).

We also agree with defendants that demand Nos. 8, 9, 24 and 29, which seek all manuals, books and audio/visual material possessed by defendants relating to deep-water dives, scuba diving safety, scuba diving instruction, all instruction manuals used in the past five years and all publications, magazines, journals or newsletters relating to scuba diving received by defendants from August 1, 1988 to August 4, 1991, are overbroad, impermissibly nonspecific and burdensome. While these demands accordingly cannot stand, we note that their vacatur should be without prejudice to plaintiff's right to identify specific documents with reasonable particularity after conducting additional disclosure proceedings (see, e.g., Zimmerman v New York City Tr. Auth., 115 AD2d 738).

As regards demand Nos. 1 and 21, which seek disclosure of the files and test papers of McCullough and the five members of decedent's immediate student diving team, initially we agree that the background information and medical information of the other divers contained in the files is irrelevant and thus nondiscoverable. However, it being clear that scuba diving is, as plaintiff points out, a group activity in which the safety of one diver is dependent upon the preparedness and competence of others in the group, in our view the test results of the other divers or other similar indicators of their level of competence are germane to ascertaining whether defendants exercised due care in organizing and permitting this dive and, as such, are discoverable under the broad reach of CPLR 3101 (a). The same relevance attaches to plaintiff's demand to inspect defendants' personal diving logs (demand No. 12) and McCullough's test scores. Both Smith and McCullough were instructing decedent's class and supervising the dive. As such, their level of experience and skill, which would be reflected in these records, clearly is material and necessary to prosecution of the action. However, in the interest of relevance, we believe the scope of this demand should be limited to a period of two years prior to the accident date.

Weiss, P. J., Mikoll, Yesawich Jr. and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion for a protective order as to demand Nos. 1, 8, 9, 24, 28 and 29 contained in plaintiff's September 29, 1992 discovery and inspection notice; motion granted to that extent and the scope of demand No. 21 is limited to a period of two years prior to the accident; and, as so modified, affirmed.