■ LORRAINE FASCALDI, Respondent, v LOUIS FASCALDI et al., Defendants, and THOMAS FASCALDI et al., Appellants. [619 NYS2d 99] —In an action alleging wrongful transfer of assets by the defendant Louis Fascaldi, the defendants Thomas Fascaldi and Haron Plumbing & Heating Corp. appeal from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated July 15, 1993, as denied that branch of their motion which was for a protective order vacating the

plaintiff's cross notices for discovery and inspection, both dated May 5, 1993.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, and that branch of the motion which was to strike the cross notices for discovery and inspection, both dated May 5, 1993, is granted, with leave to the plaintiff to serve appropriate notices for discovery and inspection in accordance herewith.

The Supreme Court improvidently exercised its discretion in refusing to grant a protective order with respect to the plaintiff's cross notices for discovery and inspection. The plaintiff's cross notices for discovery and inspection were overbroad, since they sought the production of all the documents pertaining to the financial and business transactions of the defendants Thomas Fascaldi, Haron Plumbing & Heating Corp., and Fascaldi Plumbing, Inc., for a minimum of a 14-year period, and thus failed to specify the documents sought with "reasonable particularity" (CPLR 3120 [a] [2]; *see also, Fallon v CBS Inc.,* 124 AD2d 697; *Ehrlich v Ehrlich,* 74 AD2d 519; *cf., Scheinfeld v Burlant,* 98 AD2d 603). "Lacking knowledge of the existence of specific documents, etc., proper procedure requires that the party seeking discovery and inspection pursuant to CPLR 3120 initially make use of the deposition and related procedures provided by the CPLR to ascertain the existence of such documents in order that they may be designated with specificity in a CPLR 3120 notice" *(Haroian v Nusbaum,* 84 AD2d 532, 533; *see also, Rios v Donovan,* 21 AD2d 409). Here, the plaintiff clearly lacks knowledge of the existence of specific documents and is improperly utilizing CPLR 3120 to conduct a fishing expedition. Mangano, P. J., Thompson, Copertino and Hart, JJ., concur.