■ PENN PALACE OPERATING, INC., Appellant, v TWO PENN PLAZA ASSOCIATES, Respondent. [626 NYS2d 194] —Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered December 22, 1994, which, in relevant part, directed plaintiff to produce financial information required by section 1 (A) (6) of the lease between the parties and directed plaintiff to produce all documents concerning or related to Buildings Department violations filed from 1985 to the present, as per item 10 of defendant's First Document Request, unanimously modified, on the law, the facts, and in the exercise of discretion, to strike item 10 of defendant's First Document Request, and otherwise affirmed, without costs.

Production of documents concerning the Buildings Department violations should not be compelled to the extent that they are available as a matter of public record *(see, Kahre-Richardes Family Found. v Village of Baldwinsville,* 101 AD2d 689, 690). Quite apart from the issue of the document relevance, defendant admits that it does not know whether or not any such documents exist after having searched the public record and not uncovered anything and that it is using the document request device to uncover other documentation that may or may not exist. This attempt to use document discovery as a means to test whether or not certain unknown documents exist is an impermissible fishing expedition, particularly since defendant has shown no attempt to probe this issue initially upon deposing knowledgeable parties *(see, Fallon v CBS Inc.,* 124 AD2d 697, 698; *Fascaldi v Fascaldi,* 209 AD2d 578).

As for the documents purportedly required by section 1 (A) (6) of the original lease, we affirm the directed disclosure. The IAS Court held in a prior memorandum decision that the required guaranty has never been released, such that the

original guarantor's successor, if any, must still provide financial statements when demanded by the landlord, and although the original time limit is no longer applicable, the tenant should have a reasonable time to procure the financial statement needed from the guarantor's successor and would have a reasonable time to cure any default in doing so. Plaintiff could not properly have appealed this ruling, having not been aggrieved by the formally settled and entered order *(see, Mareno v University of State of N. Y. Agric. & Tech. Coll.,* 101 AD2d 828, 829). In any event, the IAS Court independently held, in the order now on appeal, that the tenant was obliged to demonstrate to the landlord its financial solvency, and implicitly modified the original *Yellowstone* toll of the time to cure the default under section 1 (A) (6), having apparently concluded that a reasonable time to cure had elapsed. In light of all of this, the IAS Court properly exercised its discretion in requiring that plaintiff either produce the documents or take a formal position that the original guarantor has no successor. Concur—Murphy, P. J., Sullivan, Rubin, Asch and Williams, JJ.

