■ LUISA HUALDE, Respondent-Appellant, v OTIS ELEVATOR COMPANY, Appellant-Respondent. [652 NYS2d 38] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered on or about January 11, 1996, which, inter alia, denied portions of defendant's motion for a protective order and limited plaintiff's demand for defendant's records of elevator maintenance and repair, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of granting defendant's motion to the further extent of limiting Item 2 of plaintiff's notice for discovery and inspection to production of any statement made by plaintiff, limiting Item 6 to the production of any hospital record obtained by authorization and striking Items 4, 13, 19, 24 and 25, and otherwise affirmed, without costs.

We agree with defendant that certain items in plaintiff's notice for discovery and inspection were improper. The demand in Item 2 should be limited to any statement made by plaintiff, since there is not yet any indication that another person witnessed the alleged malfunctioning of the elevator or made a statement about it. As for Item 6, defendant acknowledges its duty to turn over a copy of any hospital record obtained pursuant to an authorization. However, there is no duty to turn over copies of other medical records obtained (Tower v Chemical Bank, 140 AD2d 514, 516). Since the alleged defect in the elevator has not even been specified, the requests in Items 19 and 24 for workers' names and addresses (and their employment records) are premature. The "open-ended" requests in Items 4 and

13 should be stricken. As for Item 25, to the extent any such documents exist, defendant should not be compelled to produce them, since they are a matter of public record (*Penn Palace Operating v Two Penn Plaza Assocs.*, 215 AD2d 231).

Regarding defendant's complaint that plaintiff failed to properly respond in her bill of particulars, defendant accurately notes that no information was given as to, for example, the manner in which defendant supposedly violated the various statutes, ordinances and regulations cited by plaintiff, or the manner in which it is claimed that the elevator was improperly "inspect[ed], repair[ed] and maintain[ed]". However, since this matter is in the very early stages of discovery, the motion court properly directed plaintiff to submit another bill of particulars when more information is made available after the examinations before trial (*see*, CPLR 3042 [d]).

As to plaintiff's cross appeal, the motion court properly struck the demand for subsequent records regarding repair of the elevator in which plaintiff rode, since "evidence of subsequent repairs is not discoverable or admissible in a negligence case" (*Klatz v Armor El. Co.*, 93 AD2d 633, 637). Moreover, there was no basis for the request for records pertaining to other elevators in the building, since there has been no showing yet that there was even a defect in the specific elevator involved in this case. For the same reason, limiting discovery of prior maintenance records to a period of two years was not unreasonable at this juncture.

As the motion court noted, plaintiff's request for "all" of defendant's rules and training and educational manuals was "overly broad". Nonetheless, plaintiff was given relief; the court granted her "leave to replead asserting these demands with greater specificity".

Finally, it was plaintiff who consented to maintaining the confidentiality of defendant's records to the extent they involved any "trade secrets". Thus, after more information is disclosed in the course of discovery, plaintiff may, if so advised, take up the court's offer to have defendant produce any relevant "confidential" records "on the condition that plaintiff enter into a confidentiality agreement to be so ordered by [the motion court]". Concur—Murphy, P. J., Sullivan, Rosenberger, Williams and Andrias, JJ.