■ Amy L. MacKinnon, Appellant, v Robert A. MacKinnon, Respondent. [665 NYS2d 123] —Spain, J. Appeal from an order of the Supreme Court (Connor, J.), entered April 3, 1997 in Ulster County, which, inter alia, granted defendant's motion for a protective order.

The parties were married in June 1951. Plaintiff commenced

this divorce action in 1996 and made a demand pursuant to CPLR 3120 for the production of various financial documents and records concerning, *inter alia*, defendant's business holdings and personal finances covering a period from 1980 to the present, 1990 to the present or, in some instances, an unspecified time period. Defendant moved for a protective order to limit plaintiff's discovery demands on the ground that the demand was overly broad and burdensome. Supreme Court, *inter alia*, granted defendant's motion and limited discovery to a five-year period prior to the commencement of the divorce action and granted plaintiff leave to obtain further discovery of reasonable and identifiable documents and records following defendant's deposition. The court also required plaintiff to comply with the provisions of CPLR 3120 (b) in obtaining information pertaining to businesses in which defendant possessed less than a controlling interest. This appeal by plaintiff ensued.

We affirm. It is well settled that, absent an unreasonable request, parties to a divorce action are entitled to full financial disclosure spanning the entire marriage (*see, Goldsmith v Goldsmith*, 184 AD2d 619, 620; *Harley v Harley*, 157 AD2d 916, 918; *see also*, Domestic Relations Law § 236 [B]). Nevertheless, a court has broad discretion in limiting discovery "to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice" (CPLR 3103 [a]), which includes the limitation of disclosure with respect to time (*see, Pomeranz v Pomeranz*, 99 AD2d 407).

Here, plaintiff seeks disclosure of defendant's financial holdings as well as all financial transactions pertaining to numerous corporations with which defendant is connected. We agree with Supreme Court that plaintiff's use of "all" and "any and all" in most of the 42 paragraphs in the notice of disclosure, most requesting production of more than one item, constitutes an overly burdensome demand for discovery. Inasmuch as plaintiff admits that she is "in the dark regarding * * * defendant's finances", we find that plaintiff is using the notice of disclosure to conduct an impermissible fishing expedition (*see, e.g., Fascaldi v Fascaldi*, 209 AD2d 578, 579). The " 'proper procedure requires that the party seeking discovery and inspection pursuant to CPLR 3120 initially make use of the deposition and related procedures provided by the CPLR to ascertain the existence of such documents' " (*id.*, at 579, quoting *Haroian v Nusbaum*, 84 AD2d 532, 533). Under these circumstances and taking into account that plaintiff has not yet deposed defendant to ascertain the existence of various financial informa-

tion, we find no abuse of discretion in Supreme Court's decision limiting plaintiff's demand for discovery (*see, e.g., Hirschfeld v Hirschfeld,* 69 NY2d 842, 844; *Maillard v Maillard,* 211 AD2d 963, 964). In addition, we find no error in Supreme Court directing that plaintiff comply with the provisions of CPLR 3120 (b) in obtaining disclosure of any business, partnership or corporation information relating to defendant's noncontrolling interest in such companies.

Cardona, P. J., Mercure, Crew III and White, JJ., concur. Ordered that the order is affirmed, with costs.