■ CHERYL A. BLAGROVE, Respondent, v AMY M. COX, Also Known as AMY M. FRIEDMAN, et al., Appellants. [742 NYS2d 865] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Segal, J.), entered July 3, 2001, which denied their motion, inter alia, to compel the plaintiff to comply with a demand for authorizations.

Ordered that the order is affirmed, with costs.

While CPLR 3101 (a) provides for full disclosure of all evidence material and necessary to the prosecution or defense of an action, unlimited disclosure is not required, and supervision of disclosure is generally left to the trial court's broad discretion (see *Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406; *Argumedo v 303 Tenants Corp.,* 246 AD2d 616; *City of Mount Vernon v Lexington Ins. Co.,* 232 AD2d 358; *Buonaccorso v City of New York,* 208 AD2d 791). Here, the medical records sought to be obtained from the file of the attorneys who represented the plaintiff in a prior accident were duplicative of material provided through prior authorizations (see CPLR 3101 [d]; *Buonaccorso v City of New York, supra; Starling v Warshowski,* 148 AD2d 441). Furthermore, the defendants did not show that the plaintiff commenced an action regarding her prior accident, or that the requested papers regarding this purported prior lawsuit even exist (see *Argumedo v 303 Tenants Corp., supra; Fascaldi v Fascaldi,* 209 AD2d 578; *Fallon v CBS, Inc.,* 124 AD2d 697). In any event, production of documents in a prior action should not be compelled to the extent that they are available as a matter of public record (see *Penn Palace Operating v Two Penn Plaza Assoc.,* 215 AD2d 231; *Benson v Murr,* 23 AD2d 756). Santucci, J.P., Smith, Krausman, H. Miller and Adams, JJ., concur.