■ ANNA MAKRIS, Appellant, v WESTCHESTER COUNTY et al., Respondents. [751 NYS2d 760] —In an action to recover damages for medical malpractice, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Coppola, J.), entered June 19, 2000, as granted the motion of the defendants Westchester County, Westchester County Medical Center, and Samuel Kasoff for a protective order with respect to her combined disclosure demands, granted the cross motion of those defendants for a protective order with respect to stated items in her supplemental disclosure demands, and denied those branches of her separate cross motions which were to direct those defendants to respond to her combined disclosure demands and supplemental disclosure demands, and (2) from an order of the same court, entered September 27, 2000, which granted the motion of the defendants Westchester County, Westchester County Medical Center, and Samuel Kasoff for a protective order with respect to stated items in her revised combined disclosure demands.

Ordered that the order entered June 19, 2000, is modified, on the law and in the exercise of discretion, by (1) deleting the

provisions thereof granting those branches of the motion and the cross motion of the defendants Westchester County, Westchester County Medical Center, and Samuel Kasoff which were for a protective order with respect to items 1, 6, and 32 of the documents section of the combined disclosure demands dated February 14, 2000, and denying those branches of the plaintiff's cross motions with respect to those items, and substituting therefor provisions denying those branches of the motion and the separate cross motion with respect to those items, and granting those branches of the plaintiff's separate cross motions to the extent of directing those defendants to provide any statements made or given by an individual defendant at or to any meeting held pursuant to Education Law § 6527 (3) regarding the subject matter of this action, (2) deleting the provisions thereof granting those branches of the motion and the cross motion of the defendants Westchester County, Westchester County Medical Center, and Samuel Kasoff which were for a protective order with respect to items 31, 47, 48, 49, 50, 51, 52, 53, 54, and 55 of the documents section of the combined disclosure demands dated February 14, 2000, and items 2, 3, 4, 5, and 6 of the supplemental disclosure demands dated March 24, 2000, and denying those branches of the plaintiff's separate cross motions with respect to those items, and substituting therefor provisions denying those branches of the motion and the cross motion, and granting those branches of the plaintiff's separate cross motions with respect to those items, and (3) deleting the provision thereof granting that branch of the motion of the defendants Westchester County, Westchester County Medical Center, and Samuel Kasoff which was for a protective order with respect to item 20 of the documents section of the combined disclosure demands dated February 14, 2000, and substituting therefor a provision denying that branch of the motion to the extent of directing those defendants to provide the medical staff rules of the Westchester County Medical Center in effect in October 1987 concerning the qualifications required to perform shunt revisions and spinal taps; as so modified, the order entered June 19, 2000, is affirmed insofar as appealed from; without costs or disbursements; and it is further,

Ordered that the order entered September 27, 2000, is modified, on the law and in the exercise of discretion, by (1) deleting the provision thereof granting that branch of the motion which was for a protective order with respect to item 26 (i) of the documents section of the revised combined disclosure demands dated August 3, 2000, and substituting therefor a provision denying that branch of the motion and directing the defendants

Westchester County, Westchester County Medical Center and Samuel Kasoff to identify the relationship between Westchester County Medical Center and Dr. John R. Mangiardi; as so modified, the order entered September 27, 2000, is affirmed; without costs or disbursements; and it is further,

Ordered that the defendants Westchester County, Westchester County Medical Center, and Samuel Kasoff shall produce the records or reports of any meeting held pursuant to Education Law § 6527 (3) involving the subject matter of this action in the Supreme Court, Westchester County, for an in camera review to determine whether any material therein is exempt from disclosure; and it is further,

Ordered that the matter is remitted to the Supreme Court, Westchester County, to set a schedule for compliance and for further proceedings consistent herewith.

The items numbered 1, 6, and 32 in the documents section of the plaintiff's combined disclosure demands (duplicated by the items numbered 1, 4, and 21 in the documents section of the plaintiff's revised combined disclosure demands), are proper insofar as the plaintiff seeks disclosure of statements made or given by the individual defendants at or to any meeting held pursuant to Education Law § 6527 (3) involving the subject matter of this action (*see vanBergen v Long Beach Med. Ctr.*, 277 AD2d 374; *Lakshmanan v North Shore Univ. Hosp.*, 202 AD2d 398, 399; *Swartzenberg v Trivedi*, 189 AD2d 151, 153-154). Thus, the defendants Westchester County, Westchester County Medical Center, and Samuel Kasoff, are directed to produce the records or reports of any such meeting held in connection with the subject matter of this action in the Supreme Court, Westchester County. Since these materials may contain confidential material, the Supreme Court, Westchester County, shall conduct an in camera review and redact any material which is exempt from disclosure.

Item 20 of the documents section of the combined disclosure demands is granted to the extent it seeks the medical staff rules of the Westchester County Medical Center in effect in October 1987 concerning the qualifications required to perform shunt revisions and spinal taps. This request was improperly denied since it is intelligible and pertains to the procedures performed on the infant plaintiff. The order entered September 27, 2000, was addressed to the revised combined disclosure demands, which repeat demands earlier interposed. To the extent this Court is granting the plaintiff the information she seeks on the appeal from the order entered June 19, 2000, it is unnecessary to grant the same relief on the appeal from the or-

der entered September 27, 2000, with the exception of item 26 (i) of the revised combined demands regarding Dr. John R. Mangiardi, the nature of whose relationship with Westchester County Medical Center was not requested earlier.

While the Supreme Court properly found that many of the other discovery requests were inappropriate, we find that the items granted herein are not vague, overly broad, unduly burdensome or call for the production of privileged or irrelevant materials (*see Keller v Nieves,* 178 AD2d 509, 510; *cf. Holness v Chrysler Corp.,* 220 AD2d 721; *Harris v City of New York,* 211 AD2d 662, 663; *Hirsch v Catholic Med. Ctr. of Brooklyn & Queens,* 91 AD2d 1033).

The plaintiff's remaining contentions are without merit (*see Kahre-Richardes Family Found. v Village of Baldwinsville,* 101 AD2d 689). S. Miller, J.P., Krausman, Schmidt and Crane, JJ., concur.