VILLAGE OF MAMARONECK, Respondent, v STATE OF NEW YORK et al., Appellants. [792 NYS2d 538]—

In an action for declarative and injunctive relief, the defendants appeal from an order of the Supreme Court, Westchester County (Barone, J.), entered April 20, 2004, which granted the plaintiff's motion to compel compliance with certain discovery demands, and denied their cross motion for a protective order.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and the demand for interrogatories and the notice for discovery inspection, both dated August 4, 2003, are vacated.

"The interrogatories [and the demand for discovery and inspection] in the main deal with minutiae and irrelevancies and . . . are oppressive and harassing. Their mere number in relation to the simple complaint and answer is indicative of their nit-picking nature. The relatively simple issues outlined in the pleadings do not warrant the unreasonably detailed interrogatories [and the demand for discovery and inspection] propounded. Under the circumstances, rather than prune the numerous palpably improper questions, we have vacated the entire demand" (*Sol Mor Novelty Co. v Northwestern Natl. Ins.*

*Co.,* 60 AD2d 543 [1977], citing *Heimowitz v Handler, Kleiman, Sukenik & Segal, P.C.,* 51 AD2d 702 [1976]; *Woodmere Academy v Steinberg,* 51 AD2d 514 [1976]; *see Brandes v North Shore Univ. Hosp.,*1 AD3d 550 [2003]; *EIFS, Inc. v Morie Co.,* 298 AD2d 548, 549 [2002]; *Lopez v Huntington Autohaus,* 150 AD2d 351 [1989]).

We need not decide how, if at all, the defendants' alleged "long-standing practice of maintaining the Catch Basins on US-1 in the [plaintiff] Village" might affect the determination to be made as to their, or the plaintiff's, legal duty to perform such catch-basin maintenance now or in the future (*see* Highway Law § 46; *cf. Cooper v State of New York,* 13 AD3d 867 [2004]; *Mason v State of New York,* 180 AD2d 63 [1992]; *Washington County Sewer Dist. No. 2 v White,* 177 AD2d 204 [1992]). Assuming that the existence of any such "long-standing practice" is relevant at all, the more efficient way of inquiring into this area would be for the plaintiff to first conduct a deposition of a knowledgeable witness who would be able to provide information as to what, if any, documents might exist that would be probative on the narrow issue concerning the frequency with which the defendants might in the past have performed prior repairs to catch basins along US-1 in Mamaroneck. While a deposition of the adverse party is not automatically required prior to service of a notice for discovery and inspection (*cf. Rios v Donovan,* 21 AD2d 409 [1964]), in the circumstances of this particular case, the plaintiff should first conduct a deposition of the witness offered by the defendants, or of some other knowledgeable witness, before seeking any document disclosure (*e.g., MacKinnon v MacKinnon,* 245 AD2d 690 [1997]; *Penn Palace Operating v Two Penn Plaza Assoc.,* 215 AD2d 231 [1995]; Weintstein-Korn-Miller, NY Civ Prac ¶ 3120.17). Prudenti, P.J., S. Miller, Ritter and Goldstein, JJ., concur.