Cohen v State of New York (2021 NY Slip Op 00147)





Cohen v State of New York


2021 NY Slip Op 00147


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2018-07674

[*1]Dennis Cohen, et al., appellants, 
v
State of New York, respondent. (Claim No. 121517)


Sakkas, Cahn, & Weiss, LLP, New York, NY (Matthew Sakkas of counsel), for appellants.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Blair J. Greenwald of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages for personal injuries, etc., the claimants appeal from an order of the Court of Claims (Gina M. Lopez-Summa, J.), dated March 28, 2018. The order granted the defendant's motion for summary judgment dismissing the claim.
ORDERED that the order is affirmed, with costs.
The claimant Dennis Cohen (hereinafter the injured claimant) allegedly was injured when the front wheel of the bicycle he was riding fell into a gap in a catch basin located on Bacon Road in the Village of Old Westbury, causing the bicycle to stop abruptly, and catapulting him over the handlebars. Thereafter, the injured claimant, and his wife suing derivatively, commenced this claim against the defendant, State of New York, to recover damages for personal injuries. The State moved for summary judgment dismissing the claim. The Court of Claims granted the motion, and the claimants appeal.
The State established its prima facie entitlement to summary judgment by demonstrating that the Village of Old Westbury bore the responsibility to maintain and repair the subject catch basin pursuant to Highway Law § 46 notwithstanding the fact that the catch basin primarily provided drainage for State Highway 25B (see Village of Mamaroneck v State of New York, 51 AD3d 1011, 1012; Mason v State of New York, 180 AD2d 63, 66). Contrary to the claimants' assertion, the 1970 amendment to Highway Law § 46 providing, inter alia, that "the state shall maintain any drainage ditches and storm sewer facilities which are constructed primarily to service the state highway facility" was prospective in nature (L 1970, ch 628; see generally Clean Earth of N. Jersey, Inc. v Northcoast Maint. Corp., 142 AD3d 1032, 1036-1037; Marrero v Crystal Nails, 114 AD3d 101, 111-112), and therefore only applied to drainage facilities constructed after the effective date of the amendment, as well as "those in existence prior to the effective date and reconstructed or substantially rehabilitated after such date in connection with improvement of a State highway" (Mason v State of New York, 180 AD2d at 66). Consequently, the obligation to maintain those drainage facilities servicing state highways that were built before January 1, 1971 (the effective date of the amendment), and which have not been subject to reconstruction or substantial rehabilitation, remains with the villages in which they are located (see Mem of St Dept of [*2]Transportation, Bill Jacket, L 1970, ch 628, 1970 McKinney's Session Law of N.Y. at 2977; 1985 Atty Gen [Inf Opns] 116-117; Village of Mamaroneck v State of New York, 51 AD3d at 1012; Mason v State of New York, 180 AD2d at 66; Washington County Sewer Dist. No. 2 v White, 177 AD2d 204, 206).
The State established its prima facie entitlement to summary judgment by presenting evidence that the subject catch basin was constructed in or around 1966. While the section of State Route 25B passing through the Village of Old Westbury underwent reconstruction in 2001, the State presented evidence that the drainage system servicing State Route 25B did not concomitantly undergo reconstruction, and that the only work performed on the subject catch basin consisted of cleaning the structure, as well as cleaning its connecting pipes. Contrary to the claimants' assertion, the act of cleaning the subject catch basin did not constitute a reconstruction or rehabilitation, the sine qua non of which is a modernization or correction of the catch basin or drainage system (see Mason v State of New York, 180 AD2d at 66). In opposition, the claimants failed to raise a triable issue of fact.
Accordingly, we agree with the determination of the Court of Claims granting the State's motion for summary judgment dismissing the claim.
RIVERA, J.P., CHAMBERS, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court